[L. A. No. 4126. Department One.—April 11, 1918.]

GLADYS M. CLARKIN, Respondent, v. J. E. MORRIS, Appellant.

SUMMONS—SERVICE BY PUBLICATION—SUFFICIENCY OF AFFIDAVIT.—The affidavit upon which an order for publication of summons was procured in a case in which the judgment is sought to be set aside herein is held to be sufficient to show the exercise of due diligence in searching for defendant and that he could not be found.

ID.—REQUIREMENTS OF AFFIDAVIT—CONCLUSIVENESS OF DECISION.—If the facts set forth in an affidavit to procure an order for publication of summons have a legal tendency to show the exercise of

diligence on behalf of the plaintiff in seeking to find the defendant within the state, and that after the exercise of such diligence he cannot be found, the decision of the judge that the affidavit shows the same to his satisfaction is to be regarded with the same effect as is his decision upon any other matter of fact submitted to his judicial determination.

ID.—WHEREABOUTS OF DEFENDANT—LACK OF KNOWLEDGE OF PLAINTIFF—AFFIDAVIT SUFFICIENT.—The affidavit on which an order for publication of summons is procured is sufficient, although not declaring expressly that the plaintiff affiant did not himself know the whereabouts of the defendant, where such lack of knowledge can reasonably be inferred from the language of the affidavit.

ACTION TO SET ASIDE JUDGMENT—FRAUD—FAILURE TO OFFER EVIDENCE—JUDGMENT UNSUSTAINED.—Where the complaint in an action to set aside a judgment alleged, and the trial court found, the existence of a state of facts which would have warranted equitable relief against such judgment, but it appears from the record that the plaintiff failed at the trial to offer any evidence in support of allegations which were material to the claim for relief on the ground of fraud, and the bill of exceptions embodied proper specifications of the insufficiency of the evidence to sustain the findings in that regard, and the appellant made the point in his brief, the judgment in favor of the respondent cannot be sustained.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge.

The facts are stated in the opinion of the court.

Hancock & Lawrence, and S. M. Johnstone, for Appellant.

Waldo M. York, for Respondent.

SHAW, J.—In this action plaintiff sued to set aside a judgment against her in favor of J. E. Morris made on October 5, 1911. The grounds assigned in her complaint for setting aside said judgment were that the same was rendered upon service by publication only and that the order for the publication of summons was procured without filing any affidavit showing that the said Gladys M. Clarkin, defendant in said action, resided out of the state of California, or had departed from the state of California, or could not, after due diligence, be found within the state of California, or that she had concealed herself to avoid the service of summons, and that said Morris, plaintiff in said action, falsely repre-

sented to the court that such affidavit had been made and thereby obtained said judgment. The defendant alleged that he had obtained the order for publication by means of an affidavit presented to the court at the time the same was obtained, and that the publication was made in pursuance of the order made upon such affidavit, and he denied that he had fraudulently represented to the court at the time the judgment was given that the order for the publication of summons had been procured otherwise than upon said affidavit. The affidavit itself is referred to and made a part of the answer, and it was also introduced in evidence. The only question presented in the case is the sufficiency of the affidavit to sustain the order for the publication of summons.

The affidavit purported to state a case for the publication of summons on the ground that defendant could not after due diligence be found within the state, as provided in section 412 of the Code of Civil Procedure. The facts relating to this subject as set forth in the affidavit are as follows: That defendant, Gladys M. Clarkin, is a necessary party and cannot be found within the state of California; that she had not filed or recorded any certificate of residence as provided in section 1163 of the Civil Code; that on October 22, 1889, she resided in the city of Los Angeles, state of California; that since the suit was filed, which was four days prior to the making of the affidavit, the affiant had made diligent search and inquiry for said defendant; that the summons had been given to the sheriff with instructions to serve the same on said defendant, and that his return thereon had stated that he could not find the said defendant in the county of Los Angeles; that on October 25, 1889, one Owen E. Clarkin was appointed guardian of said Gladys M. Clarkin, who was then a minor, by the superior court of Los Angeles County; that in that proceeding the guardian had filed a bond with H. H. Yonkin and E. L. McWilliams as sureties, and had caused J. C. Wilmon, William Mead, and A. T. Trimble to be appointed appraisers of said minor's property; that on December 4, 1889, said Wilmon and Trimble returned and filed an inventory and appraisement thereof, and that W. A. Ryan was attorney for the said guardian; that affiant had made inquiries of Yonkin, Wilmon, Trimble, and Mead as to the whereabouts of said Gladys M. Clarkin; that W. A. Ryan, the attorney aforesaid, was then deceased,

and E. L. McWilliams, the other surety upon the bond, could not be found within the city of Los Angeles; that said persons are persons who would be most likely to know the whereabouts of said Gladys M. Clarkin; that affiant had also made inquiries of many other persons from whom he could expect to obtain information as to the whereabouts of said defendant and had examined the city directories, and that from said search and said inquiries and the exercise of said diligence he had been unable to find said defendant in the state of California, and therefore he declared that by the exercise of diligent search the defendant could not be found within the state of California. The court in its findings in the present case states that the affidavit does not disclose what answers were returned to his inquiries by the parties of whom the inquiries were made, nor that any inquiry had been made of Owen E. Clarkin, the former guardian of Gladys M. Clarkin. Its conclusion was that the affidavit did not show sufficient diligence, and thereupon judgment was given in favor of the defendant canceling the previous judgment.

The rule regarding the sufficiency of affidavits for publication when attacked collaterally is clearly set forth in the language of Mr. Justice Harrison in *Rue* v. *Quinn*, 137 Cal. 651, [66 Pac. 216, 70 Pac. 732], as follows: "If the facts set forth in the affidavit have a legal tendency to show the exercise of diligence on behalf of the plaintiff in seeking to find the defendant within the state, and that after the exercise of such diligence he cannot be found, the decision of the judge that the affidavit shows the same to his satisfaction is to be regarded with the same effect as is his decision upon any other matter of fact submitted to his judicial determination." We are of the opinion that the affidavit in the case of *Morris* v. *Clarkin* under consideration here presented facts which did have a legal tendency to show the exercise of diligence on behalf of the plaintiff in seeking to find the defendant, and also to show that the defendant could not be found after such diligence. In the case of *Rue* v. *Quinn*, aforesaid, the affidavit in controversy stated the return of the sheriff similar to that in the present case; that the affiant himself did not know the residence of the defendant; that after the summons was issued he had made due and diligent search and inquiry for the defendant by inquiring of each of sev-

eral prominent county officers named, and had also made inquiry of all other persons from whom he could expect to obtain information as to the whereabouts of said defendants. The affidavit in the present case certainly shows as much diligence and as strenuous an attempt to discover the whereabouts of defendant as did that involved in *Rue* v. *Quinn.* The only point stated in that case which is not stated in the present case is that the present affidavit does not declare expressly, as that one did, that the affiant himself did not know the residence of said defendant. This fact, however, is implied by the language of the affidavit in almost every sentence, and it would be a reasonable inference from the statements therein that the affiant himself was ignorant of the whereabouts of Gladys M. Clarkin. It is obvious that the persons of whom the defendant in the present case inquired would be those who would be considered most likely to know the facts sought to be discovered, much more so than those of whom inquiry was made in *Rue* v. *Quinn.* Unless we can say that an affidavit is insufficient in every case where it does not expressly state that the affiant himself does not know the whereabouts of defendant, we must consider the present affidavit sufficient. We are not willing to go to that extent in indulging collateral attacks upon judgments regularly rendered in pursuance of law. With respect to the guardian of whom inquiry was not made, there is no claim that he was living or could have been found at the time. This being the only question presented, and the one which is decisive of the case, it follows that the court erred in rendering the judgment for the plaintiff.

The judgment is reversed.

Richards, J., *pro tem.,* and Sloss, J., concurred.

In denying a hearing in Bank, the court filed the following opinion on May 10, 1918:

THE COURT.—The respondent urges, in her petition for a hearing in Bank, that the Department failed to pass upon her contention that the former judgment against her had been obtained by fraud. It is true that the complaint alleged, and the court found, the existence of a state of facts which, under the rule declared in *Dunlap* v. *Steere,* 92 Cal. 344, [27 Am. St. Rep. 143, 16 L. R. A. 361, 28 Pac. 563], and

similar cases, would have warranted equitable relief against such judgment. But the appellant failed at the trial to offer any evidence in support of certain allegations material to her claim for relief on the ground of fraud. The bill of exceptions embodies proper specifications of the insufficiency of the evidence to sustain the findings in this regard, and the appellant made the point in his brief. The judgment in favor of the respondent could not, therefore, have been sustained on any ground.

The petition for hearing in Bank is denied.