[L. A. No. 9836. In Bank.—January 12, 1929.]

HELEN REEHL WHEELER, Appellant, v. FRANCES MAY CRAIG, Respondent.

Bicksler, Smith & Parke for Appellant.

L. E. Dadmun for Respondent.

RICHARDS, J.—This appeal is from an order made and entered by the superior court in and for the county of Los Angeles, vacating the judgment and decree of foreclosure of a mortgage upon real estate in an action wherein the defendant and respondent was served by publication, and wherein her default and the judgment which followed it were based upon the order for and affidavits of publication as these appear in the record before us, and upon the recitals of the decree. The respondent presented no brief either before or after the issuance of an order to show cause, but her former attorney of record, upon the issuance of said order, was given leave as *amicus curiae* to present a brief in support of the validity of the order appealed from. The original complaint herein was filed in said court on December 12, 1924. An amended complaint was filed on January 30, 1925. The application and affidavit for publication of summons was presented and filed on February 17, 1925, the application being based upon the showing that the defendant Frances May Craig was concealing herself for the purpose of avoiding service of summons. Both the original and amended complaint being verified, and both showing a good cause of action against said defendant, no affidavit of merits was required, although an affidavit of merits somewhat defective in form, but not fatally so, accompanied said application. The order for publication of summons was made on February 20, 1925. Thereafter several affidavits showing the due publication of the *alias* summons and the mailing of the same, together with a copy of the amended complaint, were presented and filed, and thereupon and on the eleventh day of June, 1925, the said defendant having defaulted, the cause came on for hearing, and upon due proofs of the foregoing facts and also of the averments of the amended complaint the decree of foreclosure was duly made and entered and the property involved in said foreclosure was thereafter sold pursuant to said decree, the plaintiff becoming the purchaser thereof.

The motion of the defendant and respondent was presented and filed on December 10, 1926, and was made upon the ground that the judgment was void upon its face, and was based solely upon the record in the action. The trial court on January 4, 1927, made and entered its order setting aside the judgment and decree of foreclosure, basing its order solely upon the ground specified in the defendant's motion and upon the record in the case. This appeal is from said order.

The vital question presented upon this appeal is as to whether or not the judgment which was vacated and set aside was void upon its face, since, if it was not so, the application to set aside the judgment, not having been made until eighteen months after the entry of the judgment, must be held to have been made too late, and hence to have been made at a time when it was clearly beyond the power of the court to grant said application. (*Consolidated Construction Co.* v. *Pacific Elec. Ry. Co.*, 184 Cal. 246 [193 Pac. 238]; *Smith* v. *Jones*, 174 Cal. 513, 516 [163 Pac. 890]; sec. 473, Code Civ. Proc.) ■ Whether said judgment was or was not void upon its face is to be determined by the state of the record upon which the judgment was predicated, and hence depends upon the sufficiency of the substituted service of the summons and complaint upon said defendant and of the affidavits for publication of summons upon which the order therefor was made. We are satisfied from an examination of these affidavits that they constituted a sufficient showing of diligence on the part of the plaintiff in the effort of herself and her process servers to make personal service of the summons upon said defendant to support the issuance of said order upon the ground that the said defendant was concealing herself for the purpose of avoiding such personal service of process upon her. The affidavits in question were made by several agents and process servers of plaintiff, who set forth therein and with considerable of detail their unavailing efforts to find and to serve said defendant at the several places where the defendant had resided, and at one of which she was then residing, and also at the offices in the city of Los Angeles with which the defendant was connected. It is conceded that during the period when these process servers were quite persistently seeking to find and to serve the defendant at these several places she was

residing at 322 North Milton Street, Whittier, California, and was connected with the business offices of one A. A. Irish, at 605 Grosse Building, Los Angeles, but that the several visits of the aforesaid process servers were made to each of these places in vain, for the reason that they were met either with denials that the defendant was there or with refusals to permit her to be seen. When the order for publication of summons, based upon these affidavits, was made it directed that the summons and complaint in said action should be forthwith mailed to the defendant at each of these addresses by registered mail, and the affidavits of mailing show the full compliance with said order. We are satisfied from the above showing that a sufficient foundation was laid thereby for the making and issuance by the court of its order for the publication of summons, under the authority of *Rue* v. *Quinn*, 137 Cal. 651 [66 Pac. 216, 70 Pac. 732], wherein it was stated: "If the facts set forth in the affidavit have a legal tendency to show the exercise of diligence on behalf of the plaintiff in seeking to find the defendant within the state, and that after the exercise of such diligence he cannot be found, the decision of the judge that the affidavit shows the same to his satisfaction is to be regarded with the same effect as is his decision upon any other matter submitted to his judicial determination." This language was quoted with approval in *Clarkin* v. *Morris*, 178 Cal. 102, 105 [172 Pac. 981].

The criticism which the former counsel of the respondent makes as *amicus curiae* to the effect that it was not made to appear that the plaintiff had placed the process herein in the hands of the sheriff of Los Angeles County for service would not of itself militate against the sufficiency of the effort of her agents and process servers to make the service of the summons in question upon the defendant, in view of the repeated efforts made by them to gain access to the defendant for the purpose of making such service, since it does not appear that the official in question, had he been entrusted with the duty of making such service, could have done more than the plaintiff's process servers did in the premises. The respondent relied solely upon the record as the foundation of her motion to set aside said judgment and decree. In so doing, and by her silence otherwise, she admitted the truth of the facts set forth in the affidavits upon

which the order for publication was based, and also admitted the due receipt of the summons and complaint herein directed to be served upon her by registered mail. She made neither effort nor showing for the seeking of relief under section 473 of the Code of Civil Procedure. ■ She allowed a year and a half to expire after full knowledge imparted to her by the receipt through the mails of the summons and complaint in said action and after she must be reasonably presumed to have known that said judgment and decree of foreclosure had been made and that the property affected thereby had in due course been sold thereunder, before taking any steps to avoid the effect of such judgment. Upon her belated application to set aside said judgment and decree she made no further showing than as above set forth. We are satisfied that upon such showing the judgment was not void upon its face, and that this being so it was clearly beyond the power of the trial court to vacate and set aside said judgment and decree.

The order is reversed.

Waste, C. J., Curtis, J., Langdon, J., Preston, J., Shenk, J., and Seawell, J., concurred.