[L. A. No. 10464. In Bank.—February 8, 1929.]

LEE CRAIG, Respondent, v. HELEN REEHL WHEELER, Appellant.

Bicksler, Smith & Parke for Appellant.

L. E. Dadmun for Respondent.

RICHARDS, J.—This action as originally commenced by the plaintiff was one to quiet title to a lot situate in the city of Los Angeles, of which he alleged himself to be the owner and in possession, and further alleged that the defendants claimed some right, title and interest in said premises which were without right or value; wherefore the plaintiff prayed judgment quieting his title as to the defendants. The defendant Helen Reehl Wheeler, by her answer to said complaint, denied that the plaintiff was or

ever had been the owner of said lot or any portion thereof or that he was ever in possession thereof or any part thereof. The said defendant further set forth that she was the owner of said premises by virtue of the fact that one Frances May Craig, a former owner thereof, had made and executed to said defendant a mortgage upon the property in due form to secure a loan of four thousand dollars, which mortgage had been foreclosed by said defendant by decree of foreclosure duly given and made in said action; that said premises had been sold under and by virtue of said decree and that said defendant had become the purchaser thereof at the foreclosure sale, and that in due course a sheriff's deed to the premises had been duly and regularly executed to her, by virtue of which deed she had become the owner in fee of the same. The defendant Wheeler also filed a cross-complaint against her co-defendant, Mabel King Fallis, alleging that the latter was claiming some right, title and interest in the premises, which claim was without merit, and prayed for a judgment quieting her title against her said co-defendant. The defendant Mabel King Fallis failed to answer the complaint of the plaintiff or the cross-complaint of her co-defendant and her default was duly entered. Thereafter plaintiff filed an amended complaint, wherein he set forth that he was the owner in fee of said premises by virtue of the fact that he was the husband of said Frances May Craig and that said property, while standing in the name of Frances May Craig, was at all times the community property of himself and said Frances May Craig, and that the same was such at the time that Frances May Craig borrowed from the defendant Helen Reehl Wheeler the sum of four thousand dollars and gave the mortgage above referred to upon the premises for the security thereof; that the money was borrowed and the mortgage given without the knowledge or consent of the plaintiff, but that as to the mortgagee she was aware at the time of taking the same that the plaintiff and Frances May Craig were husband and wife and that the latter had no authority to make or execute said mortgage. The plaintiff further set forth at length the facts relating to the foreclosure of the mortgage, and stating *in haec verba* the several steps taken by the mortgagee thereof to procure the publication of summons in said foreclosure action, together with the order for such publication, and,

having set forth these matters in detail, he alleged that the order for publication of summons was void and that the judgment thereafter rendered in said foreclosure action was also void upon its face, and that the defendant Helen Reehl Wheeler derived no right or title to the property by virtue of the sheriff's deed which had followed such foreclosure. Wherefore said plaintiff prayed judgment quieting his title against both the defendants in said action. A stipulation was presently filed to the effect that the answer of Helen Reehl Wheeler to the original complaint should stand as her answer to the amended complaint of plaintiff and that all new matter contained therein was to be deemed denied. The cause came on for trial upon the issues as thus presented, and upon its submission the trial court made its findings of fact and conclusions of law, wherein it found that the allegations of the plaintiff in both his original and amended complaint with respect to his ownership of the premises in question were untrue and that he did not have and never had any right, title or interest in said premises. The court further found that the defendant Mabel King Fallis had no right, title or interest therein. The court then proceeded to find that the right, title and interest of the defendant Helen Reehl Wheeler in said premises consisted originally in her interest therein derived from the aforesaid mortgage which had been duly executed to her by Frances May Craig, who at the time of the execution of the same was the owner of said premises as her sole and separate property. The court further found the facts in detail with respect to the foreclosure of said mortgage, finding the detailed steps taken in the foreclosure as set forth in the plaintiff's amended complaint to be true. As conclusions of law from the foregoing findings of fact the trial court found, first, that the plaintiff had no right, title, interest, possession or right of possession in or to said premises or any portion thereof and was entitled to take nothing by his action; second, that the judgment and foreclosure in the action brought by the defendant Helen Reehl Wheeler against Frances May Craig and others was by reason of the facts set forth in its aforesaid findings of fact void. The trial court thereupon made and entered its judgment in accordance with its aforesaid conclusions of law. From this singular judgment the plaintiff

has taken no appeal. The defendant Helen Reehl Wheeler has, however, appealed from that portion of the judgment wherein it was adjudged and decreed "that the judgment and decree of foreclosure of the superior court of the state of California in that certain action entitled Helen Reehl Wheeler, plaintiff, against Frances May Craig, Jack Cady, R. Whiston and Charles McGee, defendants, being cause Number 158845, is void."

The plaintiff has filed no brief in response to the appeal of the defendant Helen Reehl Wheeler from that portion thereof above set forth. It is difficult to understand why the trial court, having found and adjudged that the plaintiff had at no time any right, title, interest or possession in or to said premises, or any portion thereof, should have found it necessary or proper to determine that the decree of foreclosure in favor of Helen Reehl Wheeler, made and entered in another action. to which the plaintiff herein was not a party, was void. But however that may be, a sufficient reason for a reversal of the judgment which the court made and entered is to be found in the fact that in the case of *Helen Reehl Wheeler* v. *Frances May Craig et al.*, above referred to, and in which case an appeal was taken to this court, we have heretofore decided that the judgment of foreclosure made in said action upon substituted service was not void, but that the same constituted in all respects a valid judgment. This decision, filed on January 12, 1929, has become final, and is to be found in *ante*, p. 221 [273 Pac. 558], and it is determinative of the present appeal. Said judgment having thus been found to be valid, it follows that the conveyance of said premises to the plaintiff in the action by sheriff's deed made in pursuance of the judgment of foreclosure invested the plaintiff Helen Reehl Wheeler in said action and the defendant and appellant in this action with the title to the premises, and that she would have been entitled in this action to have had her aforesaid title and ownership of said premises acquired thereby upheld if in this action she had prayed for such affirmative relief as against the plaintiff and respondent herein. As it is, however, she is probably fully protected in her ownership of said premises by the determination in her favor of the former appeal.

The judgment as to that portion thereof appealed from herein is reversed.

Seawell, J., Shenk, J., Waste, C. J., Curtis, J., Langdon, J., and Preston, J., concurred.