[L. A. No. 17148.   In Bank.—Oct. 17, 1941.]

MARTHA VORBURG, Appellant, v. JOHN ADRIAN VORBURG, Respondent.

F. C. Stevens and Hampton Hutton for Appellant.

No appearance on behalf of Respondent.

THE COURT.—This is an appeal from an order refusing to vacate the interlocutory and final decrees of divorce entered in the above-entitled cause.

The action was commenced in Los Angeles County on October 11, 1923. An order for publication of summons was procured upon the affidavits of plaintiff and her counsel that after due diligence defendant could not be found within the state. Summons was duly published. Defendant failed to appear or answer within the time allowed by law and his default was accordingly entered. Thereafter and on April 1, 1924, an interlocutory decree of divorce was entered in favor of plaintiff. On April 7, 1925, the final decree was entered.

In 1939, some fourteen years later, plaintiff, the prevailing party, moved the court below to set aside the interlocutory and final decrees of divorce upon the ground that there had been no proper service of summons upon the defendant and that said court therefore was without jurisdiction to enter said decrees. The motion was denied. It was urged in support of the motion, and it is reiterated here, that the affidavits upon which publication of summons was had disclose that due diligence was not exercised in an effort to locate the defendant in San Diego, his asserted last known place of residence. It is argued that this defect is apparent upon inspection of the judgment roll thereby rendering the interlocutory and final decrees void on the face of the record and open to attack at any time and in any proceeding.

We cannot accept the contention. The court below properly denied the motion to vacate. Neither the affidavits for publication of summons nor the judgment roll as a whole discloses anything tending to invalidate the order directing

publication of summons. The affidavit of plaintiff's counsel averred that he had examined, without avail, the city and telephone directories of Los Angeles (where the action was pending) at a time subsequent to the defendant's arrest and discharge in that city on an extortion charge; that unsuccessful inquiry as to the defendant's whereabouts was also made of the district attorney of Los Angeles County; that while at the time of the Los Angeles extortion charge the defendant gave his address as San Diego, inquiry of counsel who represented defendant on that charge disclosed that he ''has not seen or heard of said defendant since that time'' and was of the opinion that ''defendant had departed from the state of California,'' leaving defendant's former counsel without ''means of locating said defendant.'' Plaintiff's counsel also averred, as required by section 412, Code of Civil Procedure, that defendant had not filed a certificate of residence as provided in section 1163, Civil Code.

In a supporting affidavit plaintiff averred that she had known defendant for a period of only two weeks prior to their marriage; that he said his residence was in San Diego; that they had never lived together and consequently she knew none of his relatives or friends and that she had not seen him since his discharge on the extortion charge in Los Angeles a year earlier, and ''has no means of finding out by inquiry where said defendant is.''

On this appeal from the order denying plaintiff's motion to vacate the decrees fourteen years after entry, it cannot be said that the affidavits for publication of summons are fatally defective because of their failure *affirmatively* to disclose that a search had been made of the city and telephone directories of San Diego. Failure to make such search, if not made, was justified in view of the averment that defendant's former counsel had stated as his opinion that the ''defendant had departed from the state of California.'' In its order for publication of summons the trial court declared that it satisfactorily appeared that the defendant ''cannot, after due diligence, be found within this state.'' Moreover, as required by section 413, Code of Civil Procedure, the trial court directed in its order that a copy of the summons and complaint should be forthwith deposited as registered matter in the United States post office, postpaid and addressed to the defendant at San Diego, California, his last known residence.

A further affidavit of plaintiff's counsel reveals that he did so register and mail a copy of the summons and complaint to the defendant in San Diego and that the same was returned unopened. In her present attack upon the order for publication plaintiff fails to mention these latter facts.

Diligence is a relative term and must be determined by the circumstances of each case. The question is one for the trial court in the first instance. "If the facts set forth in the affidavit have a legal tendency to show the exercise of diligence on behalf of the plaintiff in seeking to find the defendant within the state, and that after the exercise of such diligence he cannot be found, the decision of the judge that the affidavit shows the same to his satisfaction is to be regarded with the same effect as is his decision upon any other matter of fact submitted to his judicial determination." (*Wheeler* v. *Craig*, 206 Cal. 221, 224 [273 Pac. 558]; *Clarkin* v. *Morris*, 178 Cal. 102, 105 [172 Pac. 981]; *Rue* v. *Quinn*, 137 Cal. 651, 656, 657 [66 Pac. 216, 70 Pac. 732]; 21 Cal. Jur. 508, sec. 31.) As further stated in *Rue* v. *Quinn, supra,* "There is not an entire absence of evidence in the affidavit on behalf of the plaintiff to sustain the order, and it cannot be regarded as void. The facts set forth therein afford some evidence of diligence on the part of the plaintiff to find the defendant, and also that, notwithstanding such diligence, she could not be found within the state; and . . . it cannot be said that the affidavit is of no legal effect to authorize the court to be satisfied therefrom, or that it did not have a tendency to establish both the fact of diligence and of failure to find the defendant." As already stated, the affidavits here involved show that defendant could not be found after the exercise of reasonable diligence and we are satisfied that a sufficient foundation was thereby laid to support the order for publication of summons. This being so, the interlocutory and final decrees based on such service are not void upon the face of the judgment roll and may not therefore be vacated upon motion noticed some fourteen years after their entry.

The case of *Stern* v. *Judson,* 163 Cal. 726 [127 Pac. 38], relied on by plaintiff, is distinguishable. There a judgment based upon publication of service was set aside upon separate suit of the defaulted party based on alleged and proved false representations and fraud in the affidavits for publication. Such is not this case. Here, as already stated, the affidavits

sufficiently disclose that a reasonable but abortive effort had been made to locate the defendant, and the trial court's finding that reasonable diligence had been exercised may not, under the authorities and the circumstances here present, be successfully challenged at this late date.

The order refusing to vacate the interlocutory and final decrees of divorce is affirmed.