[Civ. No. 16113. Third Dist. May 13, 1977.]

LORENE SLUSHER, Plaintiff and Appellant, v.
TONY DURRER, Defendant and Respondent.

748

**COUNSEL**

Carr, Kennedy, Peterson & Frost and Daniel S. Frost for Plaintiff and Appellant.

Rawlins Coffman for Defendant and Respondent.

## OPINION

EVANS, J.—Plaintiff appeals from an order vacating a default and default judgment. A civil action was brought against defendant by plaintiff Lorene Slusher seeking both general and exemplary damages for injuries resulting from an assault and battery committed by defendant on plaintiff at a Fall River Mills bar on August 5, 1973.

Defendant was also criminally charged with assault and battery and disturbing the peace; he was acquitted of the assault and battery charge, found guilty of disturbing the peace and fined $24. On October 17, 1973, while in court defending himself on the misdemeanor charges, he was served with summons and complaint in the civil proceeding. He failed to answer or otherwise appear within the statutory time, and on March 14, 1974, request to enter default was filed. The declaration of mailing required by Code of Civil Procedure section 587 indicated that the address of defendant was unknown to plaintiff and her attorney. The declaration did, however, state that defendant was not in the military service and that statement was signed by plaintiff's counsel.

Two years later, on April 8, 1976, default judgment was taken, awarding plaintiff $5,000 general and $5,000 exemplary damages. Notice of entry of judgment was issued April 19, 1976, and was served by mail on the defendant on April 21, 1976.

Defendant filed a motion to set aside the default and the default judgment on May 10, 1976. That motion was granted on June 23, 1976, and plaintiff appeals, asserting the trial court abused its discretion in setting aside the default and default judgment.

In support of the motion to set aside the default judgment, defendant's declaration as well as those of his wife Linda, Attorney Rawlins Coffman, and statements from seven acquaintances were filed. The substance of the declarations is summarized in Attorney Coffman's statement as follows: "The facts as reported to me by ANTONE H. DURRER, the Defendant, and . . . his wife LINDA DURRER, go roughly as follows:

"On or about the evening of August 5, 1973, while driving through Fall River Mills . . . they decided to stop for some food in a restaurant and bar, . . . operated by the Plaintiff LORENE SLUSHER and her husband. Mrs. Slusher was asked if they could buy . . . food to take out . . . . She

said no, it could not be done. Within a few minutes . . . an altercation took place involving Mr. and Mrs. Slusher and the Defendant.

"Following the altercation, a criminal complaint was filed in the Justice Court of Fall River Valley Judicial District. A trial was held on October 17, 1973, before the Honorable Judge William H. Phelps, at the conclusion of which the Defendant was found guilty of disturbing the peace and was fined $19.00 plus penalty assessment of $5.00. As to Count Two, Assault and Battery, he was found not guilty. . . .

" . . . The Summons and Complaint [civil proceeding] were served in the Justice Court October 17, 1973. ANTONE H. DURRER was not represented by counsel during these criminal proceedings. He appeared pro per. After the trial and payment of the fine, Judge Phelps is said to have indicated to the Defendant . . . and his wife . . . that all proceedings had terminated and there was nothing more to be done. Mr. and Mrs. Durrer discussed the Summons and Complaint on their way home and made the mistake of believing that the criminal proceedings and the civil proceedings were one and the same. They did not consult counsel. They forgot all about it.

"The Judgment was taken against them by reason of their mistake, inadvertence and excusable neglect . . . and their belief that all legal proceedings had terminated upon payment of the $24.00 fine and assessment. They were further lulled into complacency by the fact that nothing was done to bring the civil action to a head until the Plaintiff learned that the Defendant might inherit some property from his grandmother.

"The Defendant . . . has stated the facts of the case to me as he recalls them and it appears . . . that he has a good and substantial defense on the merits. He and his wife . . . indicated . . . that the injuries suffered by LORENE SLUSHER [plaintiff] were incurred while pursuing the Defendant and his wife out the front door of the bar . . . with a blunt instrument in her hand; that in the course of the altercation, she stumbled and fell off the porch and injured herself."

The attorney in his declaration further stated that, "I, RAWLINS COFFMAN, telephoned DANIEL S. FROST, counsel for the Plaintiff on or about April 26, 1976, and asked him what had happened. He indicated that my client ANTONE H. DURRER had been involved in an altercation in Fall River Mills in 1973, and that a civil suit had been filed at the time

and service made. . . . he indicated that nothing was done with the case until it was learned that ANTONE H. DURRER was to inherit some property through his grandmother's estate; he then reported that he had the matter heard before the Honorable Richard W. Abbe and that judgment was awarded for $5,000 general damages and $5,000 punitive damages."

Defendant's declaration indicated that he had resided in Northern California all of his 33 years and was well known among cattle people as his father and grandfather had been before him. That his permanent address was 425 South Jackson Street, Red Bluff, which address he had had since January of 1973. It is the address carried on his driver's license, and he receives mail there at this time. The statement further declared that upon his arrest, he secured a bail bond in Redding and gave his address as well as the address of various relatives. He also indicated the district attorney's office in Shasta County who prosecuted the misdemeanor complaint had his address, the sheriff's office who served him with process had his address, and the docket in Judge Phelps' court reveals his address as Route 3, Box 370, Red Bluff. The affidavit of defendant's wife Linda had attached to it the statements of seven residents of the area, each acquainted with plaintiff who knew defendant's address at all pertinent times.

In opposition to the motion, Dorothea M. Heath, secretary to plaintiff's attorney, Daniel Frost, stated in her declaration that she inquired of the office of the Shasta County District Attorney for defendant's whereabouts. She was advised they had nothing in their file other than the criminal complaint. She called the Fall River Mills Justice Court and was told by the secretary to Judge Phelps that they did not have an address for defendant. She stated that with the exception of the above action, she made no other inquiry nor received any other information concerning defendant's address. Plaintiff's counsel stated in his declaration that he contacted the telephone company on more than one occasion and requested a telephone number for defendant in Cottonwood. He was not successful in procuring that number. He indicated that "The first time that I became aware of any mailing address for the defendant, Tony Durrer, was on April 16, 1976, when I received copies of various papers filed in the Estate of Leora Durrer, Tehama County Superior Court Action No. 8505, which listed Mr. Durrer's address as P. O. Box 692, Williams, California . . . ."

The matter was argued and submitted to the court on June 21, 1976. On June 23, 1976, the court made its order vacating the default and setting aside the default judgment and directed the clerk to permit the defendant to answer or appear in the proceeding.

## SUPPORTING DECLARATIONS

■ On appeal, plaintiff attacks the declaration of defense counsel as inadmissible hearsay and asserts that at the hearing on the motion to set aside the default and default judgment he made that objection. ■ Any person is qualified to make an affidavit in support of a motion, and his declaration is competent evidence unless the objection is raised that the affiant had no personal knowledge of the matters set forth in the affidavit, or a motion to strike is made. The evidence otherwise is to be regarded as competent evidence in support of an order or judgment. (*Flood* v. *Simpson* (1975) 45 Cal.App.3d 644, 649 [119 Cal.Rptr. 675].) ■ The record presented reveals a challenge in the trial court to the declaration of Attorney Coffman. However, the trial court did not rule on the objection and counsel for plaintiff did not lodge a motion to strike. When viewed as a whole, the declarations submitted by defendant do contain some hearsay. However, that evidence is corroborated by other nonobjectionable declarations. Any error committed by the court in not sustaining the objection to counsel Coffman's declaration was harmless. (*Globe Indem. Co.* v. *State of California* (1974) 43 Cal.App.3d 745 [118 Cal.Rptr. 75].)

## DISCRETION TO RELIEVE FROM DEFAULT

■ A motion for relief from a default judgment is addressed to the sound discretion of the trial court, and its ruling granting the motion will not be reversed on appeal in the absence of a showing of a manifest abuse of discretion. (*Ford* v. *Herndon* (1976) 62 Cal.App.3d 492, 494 [133 Cal.Rptr. 111].) The policy of the law favors, wherever possible, a hearing on the merits; appellate courts are more disposed to affirm an order where the result compels a trial on the merits than they are when the default judgment is permitted to stand, and it appears that a meritorious defense may be available. (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 854 [48 Cal.Rptr. 620, 409 P.2d 700].) Phrased differently, the policy of the law is to have every case tried on its merits and that policy views with disfavor a party who, regardless of the merits, attempts to take advantage of the mistake, inadvertence, or neglect of his adversary. (*A & B Metal Products* v. *MacArthur Properties, Inc.* (1970) 11 Cal.App.3d

642, 648 [89 Cal.Rptr. 873].) The burden of showing an abuse of discretion in granting a motion for relief from default rests upon the petitioner, here the plaintiff. (*Ochinero* v. *Wertz* (1962) 200 Cal.App.2d 533 [19 Cal.Rptr. 466].)

The defendant's motion for relief from default was made more than six months after the default was entered. ■ It was not directed to the court's statutory power to grant relief for mistake or excusable neglect under Code of Civil Procedure section 473[1] (*Munoz* v. *Lopez* (1969) 275 Cal.App.2d 178, 181 [79 Cal.Rptr. 563]), but was directed to the court's inherent equity power under which, aside from any statutory authority, there is the power to grant relief from a default judgment from extrinsic fraud or excusable mistake. (*Weitz* v. *Yankosky, supra,* 63 Cal.2d at p. 855; *Corey* v. *Weerts* (1963) 214 Cal.App.2d 416, 422-423 [29 Cal.Rptr. 533].)

Defendant upon learning of the default judgment acted with alacrity. The motion to set aside the default was filed within 19 days after plaintiff mailed notice of entry of judgment. His diligence in this regard has not been questioned. The court is concerned not with diligence in seeking relief but with the equities of the parties, that is, the possible prejudice to plaintiff resulting from setting aside the default. (*McCreadie* v. *Argues* (1967) 248 Cal.App.2d 39, 47 [56 Cal.Rptr. 188]; *Weitz* v. *Yankosky, supra,* 63 Cal.2d at p. 857.)

■ From the record presented, it is clear that the trial court viewed defendant's failure to appear by appropriate pleading after service of summons and complaint, to be excusable, even though reliance upon a statement of the justice of the peace that the "proceedings" were terminated, might be evidence of some negligence on defendant's part; that negligence, however, is excusable if it did not prejudice the opposing party.

Plaintiff has not presented facts indicating prejudice occasioned by defendant's delay, other than that incident to a trial of the issues, which is not cause for denying the relief sought. (*Palmer* v. *Moore* (1968) 266

[1]Section 473 provides in part: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order, or proceeding was taken; . . ."

Cal.App.2d 134, 141 [71 Cal.Rptr. 801].) ■ Where there is no showing of prejudice to the party opposing the motion to set aside the default judgment, or that injustice will result from a trial on the merits, only very slight evidence is required to justify a court in setting aside the default. (*Buckert* v. *Briggs* (1971) 15 Cal.App.3d 296, 302-303 [93 · Cal.Rptr. 61].)

■ The record reflects a trial by default was not held until April 8, 1976. The motion to set aside the judgment resulting from that default hearing was filed on May 10, 1976. Only a minimal delay will result from a trial on the merits; an injustice will be prevented rather than created.

### NOTICE OF MAILING ENTRY OF DEFAULT

The affidavit of defendant asserts that plaintiff's failure to ascertain his address and mail notice of entry of default in 1974 resulted in his prejudice and constitutes a violation of Code of Civil Procedure section 587. That section provides in pertinent part, "An application by a plaintiff for entry of default under subdivision (1) or (2) of Section 585 or Section 586 or an application for judgment under subdivision (3) of Section 585 shall include an affidavit stating that a copy of such application has been mailed to the defendant's attorney of record or, if none, to the defendant at his last known address and the date on which such copy was mailed. If no such address of the defendant is known to the plaintiff or plaintiff's attorney the affidavit shall state such fact."

■ Section 587 was enacted in 1969, and was designed to prevent the taking of default against an unwary litigant. In that regard, the court in *Westport Oil Co.* v. *Garrison* (1971) 19 Cal.App.3d 974 [97 Cal.Rptr. 287], in footnote 1 at page 978, indicated that the section was enacted to prevent entry of defaults and default judgments procured by chicanery. We agree.

Inherent in the provisions of section 587 requiring that, in the absence of defense counsel, notice of entry of default be mailed to defendant at his "last known address," is a duty on the part of plaintiff and counsel to make a reasonably diligent search to ascertain that mailing address. To construe the section otherwise would emasculate the obvious legislative intent and again permit unscrupulous counsel or litigants to secure the entry of a default and default judgment against the unwary by the expedient of indicating mere lack of knowledge.

The necessary predicates to secure the right to effect service by publication are analogous to the mailing requirement in section 587. In order to utilize service by publication, Code of Civil Procedure section 415.50 requires a showing that "reasonable diligence" was exercised in the attempt to locate the litigant upon whom personal service should be made. A comment to the Code of Civil Procedure section 415.50 requirement of reasonable diligence indicates that a "thorough, systematic investigation and inquiry" be conducted in good faith. No less an inquiry is required by section 587. Available sources such as city and county directories, utility companies, friends, acquaintances, or relatives or licensing offices (for example the Department of Motor Vehicles license registration) must be checked for a mailing address. Such an inquiry would satisfy the minimum requirement. (See *Vorburg* v. *Vorburg* (1941) 18 Cal.2d 794 [117 P.2d 875]; *Stern* v. *Judson* (1912) 163 Cal. 726 [127 P. 38].)

In the instant proceeding, the declarations filed by plaintiff and her counsel do not reveal any effort by the plaintiff to ascertain defendant's mailing address, although several of defendant's relatives and acquaintances frequented plaintiff's place of business. The effort expended by her counsel disclosed at best a minimal search or inquiry of known available sources.

The order appealed from is affirmed.

Puglia, P. J., and Friedman, J., concurred.