Filed 2/3/16  Gowan v. Walkes CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MICHAEL D. GOWAN,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>JON-CECIL WALKES et al.,<br><br>　　　Defendants and Respondents. | A143032<br><br>(Alameda County<br>Super. Ct. No. RG12620735) |

　　　In this medical malpractice action, defendant doctors and hospital won summary judgment against plaintiff Michael D. Gowan.  Gowan pursued a variety of motions seeking reconsideration and relief from judgment, including a motion under Code of Civil Procedure section 473, subdivision (b),[1] which permits relief in the face of "mistake, inadvertence, surprise, or excusable neglect."  The trial court denied section 473 relief.  On appeal, Gowan re-argues the merits of the summary judgment motion and various other matters.  However, the only issue properly before us is whether the trial court abused its discretion in denying section 473 relief.  It did not, and we affirm.

**BACKGROUND**

　　　Gowan, representing himself without the assistance of an attorney, sued defendants for medical malpractice and injuring him during heart surgery.

---

　　　[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

1

Defendants moved for summary judgment on February 13, 2013, submitting expert testimony opining defendants' professional services were within the applicable standard of care and Gowan's injury was caused by a trapped air pocket within the heart—a known, if rare, complication of his valve repair surgery that could occur without negligence.

In his September 27, 2013 opposition, Gowan submitted no expert testimony of his own. Instead, in October, just days before the already-continued summary judgment hearing, Gowan sought leave to introduce a declaration from heart surgeon Dr. Robert Shuman. Shuman opined, based on postoperative echo tests, Gowan was "[m]ore likely than not" harmed by a "suture injury" during the valve repair, not intracoronary air, and that a suture injury could have been repaired if Gowan's doctors had suspected it. Not suspecting this problem, Shuman claimed, fell below the standard of care.

The trial court construed Gowan's late filing as a request for continuance, which it granted, putting off the summary judgment hearing until January 7, 2014. Additionally, Gowan could file a supplemental opposing brief on or before November 26, 2013, and defendants would have until December 20, 2013 to file a response.

Before his supplemental opposition was due, Gowan learned, at the November 20, 2013 deposition of a Dr. Lin, that records of an intraoperative echo had just come into defendants' possession, pursuant to a renewed a subpoena for records previously served on the hospital where the surgery took place. Gowan obtained a copy of the new echo on November 25, the day before his supplemental opposition was due. Gowan did not, however, ask for an extension of time to file his supplemental opposition or a further continuance of the summary judgment hearing.

The summary judgment hearing went forward on January 7, 2014, and Gowan still made no mention of the intraoperative echo. After taking the motion under submission, the trial court granted it on January 27. The court concluded Shuman's declaration did not raise a triable issue of material fact because Shuman relied on assumed facts not

2

shown by any evidence and therefore his opinion lacked foundation. Judgment was entered on February 3, and notice of entry was served on February 13. Gowan never filed a notice of appeal from the judgment.

Meanwhile, on or about February 6, 2014, Gowan attempted to file a motion for reconsideration under section 1008. The clerk rejected the motion by letter dated February 18 for failure to pay the $60 filing fee. The next day, February 19, Gowan tendered the filing fee and filed the reconsideration motion.

Gowan also attempted to file, on February 18, a notice of intention to move for new trial. The clerk rejected the notice of intent by letter dated February 21, for failure to pay the filing fee.

In support of these postjudgment motions, Gowan submitted a new declaration by Dr. Shuman. Gowan had not given Shuman the intraoperative echo report when he (Gowan) had received it on November 25, 2013, but finally did so on February 3, 2014, the day the court granted summary judgment. Shuman concluded the report confirmed a localized blood vessel injury unrelated to coronary air. Indeed, Shuman viewed it as "absolute proof that this injury was a correctable problem that required immediate bypass or stenting as soon as possible." (Bolding and Italics omitted.) Defendants asserted Shuman's revised opinion was no more based on the reality of what defendant doctors observed during surgery than Shuman's original opinion.

The trial court heard the motion for reconsideration on April 29. It denied the motion on two grounds. First, the court ruled it was untimely, since motions for reconsideration can only be filed prior to judgment, not after entry of judgment. Second, even assuming the motion was timely and the court could hear the matter, the court ruled Gowan had not timely presented his newly proffered evidence. The court served its order denying reconsideration the following day, April 30.

A month and a half later, on June 13, Gowan filed a notice of appeal "from judgment denying" his "Motion for Reconsideration." This appeal was dismissed on July 2 on the ground orders denying reconsideration are not appealable.

On July 17, Gowan returned to the trial court and filed a motion for relief under section 473, subdivision (b), from the summary judgment that had been entered against him on February 3. Following a hearing on September 10, 2014, the trial court denied the motion and served notice of its order. Two days later, on September 12, Gowan filed a notice of appeal from the "judgment denying [his] Motion for Order from Relief."

**DISCUSSION**

*Scope of Appeal*

In this appeal, Gowan challenges the trial court's (1) grant of defendant's summary judgment motion; (2) denial of his motion for reconsideration under section 1008; and (3) denial of his motion for relief under section 473. Only one of these challenges is properly before us.

This appeal is before us pursuant to Gowan's September 12, 2014 notice of appeal. That notice challenges just one ruling: the September 10 denial of his motion for relief under section 473.

Under no circumstance can the September 12 notice of appeal encompass either the February 2014 summary judgment or the April 2014 order denying Gowan's motion for reconsideration.

As for the summary judgment, notice of entry was served on February 13, 2014, meaning Gowan generally had 60 days to appeal, until mid-April 2014. (Cal. Rules of Court, rule 8.104(a).)[2] Even assuming he filed a valid motion for reconsideration on February 19, 2014 (which he did not because such a motion cannot be made following an appealable judgment), the time for appeal would have been extended only until 30 days

---

[2] Any further rules references are to the California Rules of Court.

4

after service of the order denying the motion. (Rule 8.108(e).) Since the trial court served notice of the order on April 30, 2014, Gowan would have had to have filed a notice of appeal from the summary judgment by the end of May.

In his reply brief, Gowan suggests his February notice of intention to move for a new trial submitted without a filing fee in mid-February 2014, renders his appeal timely s to the summary judgment. Valid motions for a new trial, like proper motions for reconsideration, extend the time for taking an appeal. (Rule 8.108(b).) "If the motion for a new trial is denied, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (A) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order; [¶] (B) 30 days after denial of the motion by operation of law; or [¶] (C) 180 days after entry of judgment." (Rule 8.108(b)(1).) Even assuming the longer 180-day extension applies, that means Gowan had to have appealed from the summary judgment by August 2, 2014, more than a month before he filed the instant notice of appeal.

The only notice of appeal Gowan filed before August 2, 2014 was his June 13 notice of appeal from the denial of his improper motion for reconsideration. However, that appeal was dismissed, given the impropriety of a postjudgment motion for reconsideration. While Gowan could have sought rehearing in this court or review by the Supreme Court (Rules 8.264, 8.268 & 8.500), he did not. Accordingly, the dismissal became final and a remittitur duly issued.

We therefore have jurisdiction to review only the trial court's order denying Gowan's motion to vacate, to which we now turn.

**Section 473**

"Section 473(b) contains two distinct provisions for relief from default. The first provision . . . is discretionary and broad in scope: 'The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake,

5

inadvertence, surprise, or excusable neglect.' (§ 473(b).) The second provision is mandatory . . . and narrowly covers only default judgments and defaults that will result in the entry of judgments. This provision . . . declares as follows: 'Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.' (§ 473(b).)" (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838–839 (*Even Zohar*).)

Mandatory relief under section 473, subdivision (b) applies only when a party's *attorney* is surprised, mistaken, or neglectful. (*Even Zohar, supra*, 61 Cal.4th at p. 839 [the intent of the section is to " 'relieve the innocent client of the burden of the attorney's fault' " and to reduce malpractice suits].) Self-represented litigants, such as Gowan, cannot, therefore, obtain this relief. (*Esther B. v. City of Los Angeles* (2008) 158 Cal.App.4th 1093, 1100.) They may seek only discretionary relief.

We review the denial of discretionary relief under section 473(b) for an abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257–258.) A trial court abuses its discretion if its decision is arbitrary, capricious, or beyond the bounds of reason. (*Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1249–1250.)

" 'Section 473 is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted. [Citations.] In such situations "very slight evidence will be required to justify a

6

court in setting aside the default." [Citations.] [¶] Moreover, because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default.' [Citation.] An order denying a motion for relief under section 473 is therefore ' "scrutinized more carefully than an order permitting trial on the merits." ' [Citation.]" (*Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal.App.4th 379, 385 (*Murray & Murray*).)

Even so, " ' "[i]n order to qualify for [discretionary] relief under section 473, the moving party must act diligently in seeking relief and must submit affidavits or testimony demonstrating a reasonable cause for the default." [Citation.] In other words, the court's "discretion may be exercised only after the party seeking relief has shown that there is a proper ground for relief, and that the party has raised that ground in a procedurally proper manner, within any applicable time limits." ' [Citation.]" (*Murray & Murray*, *supra*, 233 Cal.App.4th at p. 385.)

Gowan asserts the trial court was compelled to grant relief under section 473 because (1) he was "surprise[d]" by the 11th hour production of the intraoperative echo, (2) it was "excusable neglect" or a "mistake of law" that he improperly filed a postjudgment motion to reconsider under section 1008, and (3) his expert's declaration creates an issue of fact that should have precluded summary judgment.

Whatever surprise Gowan experienced upon learning of the intraoperative echo, the fundamental problem here is that he never mentioned it to the trial court or to his expert until after the summary judgment briefing, hearing, and ruling. He never sought a continuance of the supplemental summary judgment briefing or of the hearing. Indeed, it was not until after the court granted summary judgment—more than two months after Gowan learned of the echo—that Gowan provided the assertedly critical echo to his expert.

Surprise under section 473 means " ' "some 'condition or situation in which a party to a cause is unexpectedly placed to his injury, without any default or negligence of

7

his own, which ordinary prudence could not have guarded against.' [Citation.]" '

[Citation.]" (*County of Los Angeles v. Financial Casualty & Surety Inc.* (2015)

236 Cal.App.4th 37, 44.)

Given Gowan's lack of diligence in connection with the intraopertiave echo, the

trial court's denial of relief on the basis of surprise was within the bounds of reason.  (See

*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419 [litigant must act diligently to try and

cure surprises that arise, or a motion under section 473 may be denied]; cf. *New York*

*Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 210, 212 [motion for

reconsideration properly denied when "new evidence" was unearthed in deposition on

eve of summary judgment hearing]; *Baron v. Sanger Motor Sales* (1967) 249 Cal.App.2d

846, 861 [no surprise for purposes of new trial motion when litigant did not take several

opportunities to alert court to surprise, which arose at trial, or to seek a continuance].)

Thus, Gowan's perception of the value of his expert's testimony is immaterial at

this juncture.  He is rearguing the merits of his summary judgment motion, which is not

the proper inquiry under section 473.  (*Worth v. Asiatic Transpacific, Inc.* (1979)

93 Cal.App.3d 849, 855–856 [section 473 does not apply to "judicial error"]; cf. *Carroll*

*v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 897, fn. 5 [motion under section 473 "

'was never intended as a substitute for an appeal' "].)

As for Gowan's mistake in making a motion for reconsideration, that procedural

misstep did not harm him.  Despite correctly ruling the motion was "untimely," the trial

court still reached the merits of the motion and denied it.

Finally, Gowan asserts that regardless of the limited relief afforded under

section 473, subdivision (b), the trial court should have granted his motion on the

equitable ground of an extrinsic mistake that deprived him of the opportunity to present

his case.  A trial court can reverse an entry of a *default* (which did not occur here) on

"equitable grounds even if statutory relief is unavailable." (*Rappleyea v. Campbell*

(1994) 8 Cal.4th 975, 981.)  One such ground is "extrinsic mistake," but this ground is

very narrow.  (*Ibid.*)  " 'To set aside a judgment based upon extrinsic mistake one must satisfy three elements.  First, the defaulted party must demonstrate that it has a meritorious case.  Second[], the party seeking to set aside the default must articulate a satisfactory excuse for not presenting a defense to the original action.  Last[], the moving party must demonstrate diligence in seeking to set aside the default once . . . discovered.' "  (*Id.* at p. 982, italics omitted.)  Even apart from the fact Gowan was not defaulted, he did not make a showing of reasonable diligence in using the supposedly critical intraoperative echo report.

In sum, we cannot say the trial court abused its discretion in denying Gowan's motion for relief under section 473.

## DISPOSITION

The order denying relief under section 473 is affirmed.  Respondents to recover costs on appeal.

9

_____
Banke, J.

We concur:


_____
Margulies, Acting P. J.


_____
Dondero, J.

A143032, *Gowan v. Walkes*