[No. H005384. Sixth Dist. Apr. 30, 1990.]

PHILLIP M. CANDELARIA, a Minor, etc., et al., Plaintiffs and Respondents, v.
SILVIA AVITIA et al., Defendants and Appellants.

## COUNSEL

Owen, Melbye & Rohlff, Robert G. Howie, Jr., and Cris Goodman for Defendants and Appellants.

Matteoni, Saxe & Nanda, Margaret Ecker Nanda and Leslie R. Lopez for Plaintiffs and Respondents.

## OPINION

**PREMO, Acting P. J.**—Plaintiffs Phillip M. Candelaria, a minor, by Leticia Martinez as his guardian ad litem and Ms. Martinez as an individual, obtained a default judgment against defendant Silvia Avitia, who was served by publication. After making a demand for payment in satisfaction of the judgment upon defendants' insurer, the insurer moved the superior court on behalf of defendants to set aside the default and default judgment. The motion was denied. Defendants appeal from the order denying their motion. We affirm.

### BACKGROUND

In November 1985, respondent Phillip Candelaria, 19 months old, was being baby-sat by Silvia Avitia in the day-care center which she operated out of the home she and her former husband (Jesus) owned. While preparing to change Phillip's diapers, Silvia put Phillip in a sink where hot water was running. Scalding water from the faucet flowed onto Phillip's penis, scrotum, and buttocks, causing Phillip to suffer second and third degree burns to his genitals and buttocks.

Silvia fled to whereabouts unknown. All efforts to locate her failed. In March 1986, respondents filed this action.

Western Mortgage Insurance Agency (hereafter Western) had issued a homeowner's policy for the property. On July 15, 1987, respondents advised

Western of Phillip's injuries and of Silvia's flight. Respondents provided Western with a copy of the summons and complaint.

Subsequently, Western transferred respondents' claim file to Occidental Fire & Casualty Company (hereafter Occidental) in Raleigh, North Carolina, notifying it that appellant had not been served by respondents. Occidental advised respondents that it was denying coverage, pursuant to the business pursuits exclusion in the policy, and that it was closing its file in 30 days.

Respondents wrote back, expressing their disagreement with Occidental's conclusion and suggested that Occidental review *Crane* v. *State Farm Fire & Cas. Co.* (1971) 5 Cal.3d 112 [95 Cal.Rptr. 513, 485 P.2d 1129, 48 A.L.R.3d 1089], which found coverage in a case with similar facts. Respondents further advised Occidental that they were pursuing their lawsuit against appellants to judgment. Occidental did not respond.

Upon respondents' request for an uncontested hearing, the trial court conducted a regular hearing on May 11, 1988. On May 24, 1988, judgment was rendered in favor of respondents.

On September 16, 1988, respondents notified Occidental of the judgment, demanding payment. Appellants filed a motion to set aside default and default judgment based on lack of actual notice and lack of notice of default and default judgment by Occidental. Occidental argued that Western's neglect in keeping Occidental informed was cause to set aside default (Code Civ. Proc., §§ 473, 473.5).[1] The trial court denied the motion.

This appeal ensued.

DISCUSSION

*Code of Civil Procedure Section 425.11*

■ Appellants contend that the trial court erred in denying their motion to set aside default and default judgment, arguing that the default and default judgment were void because respondents had failed to serve them a statement of damages prior to taking the default, as required by section 425.11. This argument is raised here for the first time. We hold section 425.11 is inapplicable.

Section 425.11 reads: "When a complaint or cross-complaint is filed in an action in the superior court to recover damages for personal injury or

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise stated.

wrongful death, the party against whom the action is brought may at any time request a statement setting forth the nature and amount of damages being sought. The request shall be served upon the plaintiff or cross-complainant, who shall serve a responsive statement as to the damages within 15 days thereafter. In the event that a response is not served, the party, on notice to the plaintiff or cross-complainant, may petition the court in which the action is pending to order the plaintiff or cross-complainant to serve a responsive statement. [¶] If no request is made for such a statement setting forth the nature and amount of damages being sought, the plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered (1) before a default may be taken; or (2) in the event an answer is filed, at least 60 days prior to the date set for the trial."

■ There is need for a statement of damages as provided in section 425.11 because under section 425.10,[2] a complaint for personal injury or wrongful death cannot state the amount of damages claimed, the reason being "to protect defendants in personal injury and wrongful death actions from adverse publicity resulting from prayers in complaints, particularly malpractice complaints, for greatly inflated damage claims bearing little relation to reasonable expectations of recovery." (*Plotitsa* v. *Superior Court* (1983) 140 Cal.App.3d 755, 759 [189 Cal.Rptr. 769].) The statement of damages therefore gives the defendant the information on the amount claimed which he or she cannot find in the complaint.

■ However, where, as here, the purpose of section 425.11 cannot be served because the whereabouts of a defendant are unknown, compliance with the requirements of that section is futile; therefore, it is excused. "The law neither does nor requires idle acts." (Civ. Code, § 3532.)

Appellants' claim that the statement of damages should have been published, as was done in the case of the summons, is untenable, because such publication would have defeated the purpose of section 425.10 to protect defendants from adverse publicity. "In the construction of a statute . . . where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." (§ 1858.)

The case of *Plotitsa*, relied upon by appellants, is inapposite. In that case, the issue was "whether a personal injury defendant who has been validly

[2] Section 425.10 states: "A complaint or cross-complaint shall contain both of the following: [¶] (a) A statement of the facts constituting the cause of action, in ordinary and concise language. [¶] (b) A demand for judgment for the relief to which the pleader claims he is entitled. If the recovery of money or damages be demanded, the amount thereof shall be stated, unless the action is brought in the superior court to recover actual or punitive damages for personal injury or wrongful death, in which case the amount thereof shall not be stated."

served with summons and original complaint, but has not appeared in the action, must also be personally served with the request to enter default when there has been no prior notice to him that complies with section 425.11 'statement of damages' requirement." (*Plotitsa* v. *Superior Court, supra,* 140 Cal.App.3d at pp. 758-759.) The court answered the question in the affirmative, analogizing the issue to that determined in *Engebretson & Co.* v. *Harrison* (1981) 125 Cal.App.3d 436 [178 Cal.Rptr. 77], wherein it was held that amendments to civil complaints, which increased the amount of damages sought, must be personally served upon a nonappearing defendant before default may be entered against such defendant for the increased amount.

However, in *Plotitsa,* one defendant was personally served with summons while the other was served through his wife. The whereabouts of the defendants were not unknown.

Likewise inapposite is *Greenup* v. *Rodman* (1986) 42 Cal.3d 822, 827 [231 Cal.Rptr. 220, 726 P.2d 1295], which held that "in the single instance in which the amount of damages shall not be specified in the complaint—an action for personal injury—'the plaintiff shall give notice to the defendant of the amount of special and general damages sought' before obtaining a default judgment." Unlike here, however, *Greenup* did not involve default against a defendant whose whereabouts were unknown. *Greenup* was a case where default was ordered as a form of discovery sanction after the defendant had repeatedly refused to comply with various discovery orders of the court.

Nor is *Cradduck* v. *Financial Indem. Co.* (1966) 242 Cal.App.2d 850 [52 Cal.Rptr. 90], cited by respondents, applicable. Although, like here, summons was served by publication because the defendant had fled the area and could not be personally served, the issue in that case was not service of a statement of damages but the applicability of former section 417 which granted to the court the power to render personal judgment against a defendant who was served with summons through publication. At the time *Cradduck* was decided, sections 425.10 and 425.11 were not yet in existence.

### Sections 585 and 587

While no case has addressed the issue before us, sections 585 and 587 provide guidance. Subdivisions (a) and (b) of section 585 outline the procedure to be observed when a defendant fails to answer the complaint following service of summons by methods other than publication. Subdivision (c), on the other hand, prescribes the procedure when summons is served by publication.

Under section 585, subdivision (a), "[i]n an action arising upon contract or judgment for the recovery of money or damages only, if the defendant has, or if more than one defendant, if any of the defendants have, been served, *other than by publication*, and no answer . . . has been filed . . . the clerk, or the judge if there is no clerk, . . . shall enter the default of the defendant or defendants, so served, and *immediately thereafter enter judgment for the principal amount demanded in the complaint or a lesser amount if credit has been acknowledged* . . . ." (Italics added.)

Under section 585, subdivision (b), "[i]n other actions, if the defendant has been served, *other than by publication,* and no answer . . . has been filed . . . the clerk, or the judge if there is no clerk, . . . shall enter the default of the defendant. The plaintiff thereafter may apply to the court for the relief demanded in the complaint; the court shall hear the evidence offered by the plaintiff, and shall render judgment in his or her favor for such sum (not exceeding the amount stated in the complaint), as appears by such evidence to be just." (Italics added.)

However, under section 585, subdivision (c), "[i]n all actions where the *service of the summons was by publication* the plaintiff, upon the expiration of the time for answering, may, upon proof of the publication, and that no answer . . . has been filed, apply in writing for judgment. The court shall thereupon require proof to be made of the allegations of the complaint; . . . and *may render judgment for the amount which he or she is entitled to recover.*" (Italics added.)

It is to be noted that while section 585, subdivisions (a) and (b), provide for entry of default where service was by methods other than publication, subdivision (c) says nothing about default where service was by publication. Instead, under subdivision (c), plaintiff may "apply in writing for judgment." The difference is not purely semantic. Under subdivisions (a) and (b), after the entry of default, judgment may be rendered but only in an amount not exceeding that stated in the complaint. Under subdivision (c), on the other hand, the court shall require proof to be made of the allegations in the complaint and "may render judgment for the amount which he or she is entitled to recover."

Interestingly, section 585, subdivision (c), unlike subdivisions (a) and (b), places no limit on the amount plaintiff "is entitled to recover." The lack of cap on the amount is justified because if defendant's whereabouts are unknown and plaintiff is unable to serve defendant a statement of damages, there is no other way by which plaintiff can establish the amount of the claim except by presentation of evidence in court. The procedure is not unfair to defendant, and indeed affords defendant no less protection than

that which he or she receives under the outright default procedure, because the requirement of hearing permits the court to scrutinize the evidence and limit plaintiff's recovery to what the evidence permits.

■ There is, however, a notice requirement. Under section 587, ". . . an application for judgment under subdivision (c) of Section 585 shall include an affidavit stating that a copy of the application has been mailed to the defendant's attorney of record or, if none, to the defendant at his or her last known address and the date on which the copy was mailed. . . . [¶] No application for judgment under subdivision (c) of Section 585 shall be heard . . . unless the affidavit is filed. . . ." Here, the application for uncontested hearing, which we consider as the application for judgment within the meaning of section 585, subdivision (c), did not include the required affidavit. Nor does it appear on the record that a copy of the application was in fact mailed to appellants' last known address. Therefore, the trial court should not have heard respondents' application, and it erred when it did. Nevertheless, we conclude that under the circumstances of this case, the error was harmless.

Pursuant to article VI, section 13, of the California Constitution, "[n]o judgment shall be set aside, or new trial granted, in any cause, . . . or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." ■ "A miscarriage of justice . . . occurs . . . when it appears reasonably probable that were it not for the error a result more favorable to the appellant could have been obtained." (*Williams* v. *Lambert* (1962) 201 Cal.App.2d 115, 126 [19 Cal.Rptr. 728].) "Prejudice is not presumed and the burden is on the appellant to show its existence." (*Marc Bellaire, Inc.* v. *Fleischman* (1960) 185 Cal.App.2d 591, 596 [8 Cal.Rptr. 650].)

■ Here, the record shows the extensive but unsuccessful efforts of respondents, Western, and Occidental, to locate appellants. Occidental had mailed several letters to Silvia's last known address at 409 East Lincoln, Harlingen, Texas, but all were undelivered. Hence, even if a copy of the request for uncontested hearing had been mailed to appellants' last known address, it was not likely that appellants would have received it. Consequently, there is no reasonable probability that had there been no error, the result would have been more favorable to appellants.

*Excusable Neglect*

■ Appellants next contend that their failure to respond to the complaint was excusable neglect because respondents did not notify Occidental

that the summons had been served by publication. The contention is without merit.

Appellants concede that Occidental was not entitled to be served with the summons and complaint in this case. More importantly, however, the record shows that respondents had not only furnished Western, from whom Occidental took over respondents' claim file, with a copy of the summons and complaint, but had also formally tendered to it appellants' defense. Nevertheless, Occidental did nothing to inform respondents that it was accepting appellants' defense; instead, it advised respondents that it was denying coverage and would be closing its file. When respondents replied by suggesting that Occidental review the case of *Crane* v. *State Farm Fire & Cas. Co., supra*, Occidental did not respond. Occidental's motion for new trial was based primarily on neglect of its own predecessor carrier to pass on relevant information, notwithstanding its own unequivocal denial of coverage.

A possible dispute between two insurance carriers may well be resolved in a different forum, but it certainly should not prevent respondents from pursuing their legitimate remedies.

We hold there is substantial evidence on the record to reasonably permit the trial court to conclude that appellants' failure to respond to the complaint was not due to excusable neglect.

### DISPOSITION

The order is affirmed.

Cottle, J., and Elia, J., concurred.

A petition for a rehearing was denied May 18, 1990, and appellants' petition for review by the Supreme Court was denied July 18, 1990.