Filed 1/20/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MURRAY & MURRAY, | H039036 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 1-11-CV213714) |
| v. | |
| RAISSI REAL ESTATE DEVELOPMENT, LLC, | |
| Defendant and Appellant. | |

Appellant Raissi Real Estate Development, LLC (Raissi) appeals from the order denying its motion to set aside default and default judgment, as well as the default judgment itself. Respondent Murray & Murray (Murray & Murray), a professional corporation, filed a civil complaint against Raissi seeking recovery of unpaid legal fees incurred in a bankruptcy proceeding. After multiple unsuccessful attempts at personal service, Murray & Murray obtained permission from the trial court to serve Raissi by publication. After the time for Raissi to respond expired, Murray & Murray obtained a default judgment in the amount of $372,403.81. Raissi claims it first learned of Murray & Murray's lawsuit, and the default judgment, after it received a lien notice from the County of Santa Clara with the abstract of judgment attached.

On appeal, Raissi argues the trial court erred in denying the motion to set aside default and default judgment on the grounds that Murray & Murray failed to comply with Code of Civil Procedure section 587,[1] which requires the application for entry of default and default judgment be mailed to the defendant's last known address. Murray & Murray

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

instead declared that Raissi's address was "unknown" to it because it had been unable to personally serve Raissi at any of the addresses it discovered.

We agree that a mailing address is not "unknown" to a plaintiff merely because personal service could not be effected at that address. Accordingly, we will reverse the judgment and remand.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

In June 2010, Raissi entered into a written agreement with Murray & Murray in which Murray & Murray agreed to represent Raissi in a Chapter 11 bankruptcy case, filed that same day in the United States Bankruptcy Court, Northern District of California. In July 2010, Raissi sought and obtained authorization from the bankruptcy court for Murray & Murray to represent it in the ongoing bankruptcy proceedings under a general retainer on the terms and conditions set forth in the written agreement. Over the following year, Murray & Murray represented Raissi in bankruptcy, generating attorney fees and expenses in the amount of $329,705.12. The bankruptcy proceedings were dismissed and the bankruptcy case closed in June 2011. Raissi failed to pay Murray & Murray's outstanding fees.

In November 2011, Murray & Murray filed a complaint against Raissi for breach of contract, account stated, open book account and failure to pay for goods and services rendered, seeking recovery of its unpaid fees.

In January 2012, Murray & Murray brought an ex parte motion for an order extending the deadline to serve the summons and complaint and allowing it to serve Raissi via publication. In support of its motion, Murray & Murray submitted a declaration from its attorney, detailing its unsuccessful efforts to personally serve Raissi since December 9, 2011. The trial court granted the motion, extending the time for serving the summons and complaint and authorizing Murray & Murray to serve Raissi by publication. Murray & Murray caused the summons to be published in the San Jose Post-Record weekly from February 27 to March 19, 2012.

Raissi made no response, and Murray & Murray obtained a default and default judgment against it in the amount of $372,403.81. In its request for entry of default, Murray & Murray indicated, in a section of the form entitled "Declaration of mailing (Code Civ. Proc., § 587)," that it had not mailed a copy of the request to Raissi because Raissi's address was "unknown."

Raissi moved to set aside the default and the default judgment, raising three grounds in its motion: (1) attorney mistake (§ 473, subd. (b)); (2) lack of subject matter jurisdiction resulting in a void judgment (*id.*, subd. (d)); and (3) extrinsic fraud or mistake. As to the first ground of "attorney mistake," the moving papers explained that when Raissi's counsel changed the address for its registered agent on February 29, 2012, he "mistakenly chose a wrong address." The second ground, lack of subject matter jurisdiction, was based on the argument that Murray & Murray's fees were generated in a bankruptcy action and thus the bankruptcy court retained exclusive jurisdiction over any dispute regarding those fees. Finally, Raissi contended the trial court should exercise its equitable power and set aside the judgment because Murray & Murray failed to serve or attach a proof of service to the request for default and default judgment following service by publication.

At the hearing on the motion, Raissi raised an argument that was not set forth in its moving or reply papers. Raissi argued that Murray & Murray's request for default was defective because it was not mailed to Raissi's "last known address" as required by section 587. Instead, Murray & Murray declared it did not mail the request to Raissi because its address was "unknown." Consequently, entry of default violated Raissi's right to due process as it did not have notice of the proceedings.

The trial court offered to give Murray & Murray "a chance to look into this [new argument], study the statute, read the case and follow-up if you would like to do that." Murray & Murray, after first objecting to being "blind-sided," responded to the argument by pointing out that it had made eight separate attempts to personally serve Raissi at "all

3

the properties." Murray & Murray also said it had "no reason" to believe the property Raissi's counsel referenced was a viable address because the property: (1) appeared vacant; (2) had a sign indicating it was available to lease; and (3) was the very property the bankruptcy court had previously "granted the secured lender permission to continue its foreclosure proceeding [against]." Following those remarks, Murray & Murray submitted the matter, implicitly rejecting the opportunity to submit additional briefing.

The trial court subsequently denied the motion, rejecting Raissi's claims that it was entitled to relief due to attorney mistake, lack of jurisdiction, or extrinsic fraud or mistake. The trial court also found that the declaration concerning service of the request for default complied with section 587 because the evidence demonstrated that Raissi's address was "unknown" to Murray & Murray.

Raissi timely appealed.

## II. DISCUSSION

### A. *Murray & Murray waived its objections to Raissi's section 587 arguments*

As discussed above, Raissi first raised its argument that Murray & Murray's affidavit violated section 587 in its reply papers. This was, undoubtedly, improper and Murray & Murray properly objected. However, Murray & Murray elected to proceed without taking advantage of the trial court's offer to "study the statute, read the case and follow-up," presumably through additional briefing. By implicitly rejecting the opportunity to continue the matter and prepare further arguments in support of its position, Murray & Murray has waived its objection to the argument. (*Hepner v. Franchise Tax Bd.* (1997) 52 Cal.App.4th 1475, 1486.)

### B. *The trial court abused its discretion in denying Raissi's motion*

Raissi argues that the trial court erred in finding that Raissi's last known address was not known to Murray & Murray simply because Murray & Murray had unsuccessfully sought to personally serve Raissi at those addresses. Murray & Murray researched and found six different addresses for Raissi in the public records, but never

4

sought to mail any papers, including the request for entry of default to any of those addresses.  Instead, it checked the box indicating that Raissi's address was "unknown."

### 1.    *Standard of review*

It is well established that the trial court's ruling on a motion for relief under section 473 is reviewed for an abuse of discretion.  " 'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.'  [Citation.]  ' "[T]hose affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed." ' " (*Zamora v. Clayborn Contracting Group*, *Inc.* (2002) 28 Cal.4th 249, 257-258.)

"Section 473 is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted.  [Citations.]  In such situations 'very slight evidence will be required to justify a court in setting aside the default.'  [Citations.] [¶] Moreover, because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default." (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233, fn. omitted.)  An order denying a motion for relief under section 473 is therefore " 'scrutinized more carefully than an order permitting trial on the merits.' " (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1420 (*Huh*).)

Regardless, " '[i]n order to qualify for [discretionary] relief under section 473, the moving party must act diligently in seeking relief and must submit affidavits or testimony demonstrating a reasonable cause for the default.'  [Citation.]  In other words, the court's 'discretion may be exercised only after the party seeking relief has shown that there is a proper ground for relief, and that the party has raised that ground in a procedurally proper manner, within any applicable time limits.' " (*Huh*, *supra*, 158 Cal.App.4th at p. 1419.)

5

## 2. *Section 587*

Section 587 provides, in relevant part, as follows: "An application by a plaintiff for entry of default . . . shall include an affidavit stating that a copy of the application has been mailed to the defendant's attorney of record or, if none, to the defendant *at his or her last known address* and the date on which the copy was mailed. If no such address of the defendant *is known to the plaintiff or plaintiff's attorney*, the affidavit shall state that fact. [¶] No default . . . shall be entered, unless the affidavit is filed. The nonreceipt of the notice shall not invalidate or constitute ground for setting aside any judgment." (Italics added.)

It is well settled that "[t]he requirement of an affidavit of mailing under section 587 is not jurisdictional, and hence the failure to file one does not deprive the trial court of jurisdiction to render judgment." (*Rodriguez v. Henard* (2009) 174 Cal.App.4th 529, 536.) A court may properly decline to set aside a default judgment where the absence of the affidavit of mailing is not prejudicial. (*Ibid.*)

When is an absent--or as in this case, a defective--affidavit of mailing prejudicial? The answer seems to be where the party seeking relief from default can credibly claim it would have received the request for entry of default in question.

In *Candelaria v. Avitia* (1990) 219 Cal.App.3d 1436, this court considered the application of section 587 in a case where the party seeking to enforce the default judgment had failed to comply with its affidavit requirement. We held that, under the circumstances of that case, there was no prejudice to the defaulting party because "the record show[ed] the extensive but unsuccessful efforts" of the respondents to locate the appellants. (*Candelaria v. Avitia, supra*, at p. 1444.) In fact, several letters had been mailed to the last known address, "but all were undelivered." (*Ibid.*) Accordingly, "even if a copy of the request for uncontested hearing had been mailed to appellants' last known address, it was not likely that appellants would have received it." (*Ibid.*)

6

Likewise, the defaulting party in *In re Marriage of Harris* (1977) 74 Cal.App.3d 98, was not entitled to relief from default due to a missing affidavit of mailing where there was "substantial evidence to support a finding that wife had actual notice of husband's intent to take a default, even though husband had not complied with [section 587]." (*Id.* at p. 102.) "The attorney she had earlier consulted stated that he informed her that her default would be taken. There was evidence that the required notice had been sent to her by husband's attorney, even though the affidavit requirement had not been complied with. If wife did receive actual notice, the error in failing to file an affidavit would not be prejudicial. If no harm to wife resulted from that error, the motion to set aside the judgment was properly to be denied. (Cal. Const., art. VI, § 13.)" (*Ibid.*)

Here, of course, we do not have the situation where Murray & Murray failed to file an affidavit of mailing. Rather, its affidavit indicated it did not mail a copy of the request for entry of default to Raissi because Raissi's address was unknown to it. However, Murray & Murray's ignorance of Raissi's mailing address is demonstrably not true. There is a difference between knowing an address for purposes of personal service and knowing an address for purposes of mail delivery. Simply because Murray & Murray's efforts to personally serve the summons and complaint on Raissi at various addresses were unsuccessful does not lead to the conclusion that Raissi was not receiving mail at those addresses. It is not disputed that the address at which Murray & Murray attempted personal service was the same address to which the County of Santa Clara mailed the notice of lien which apprised Raissi of the default judgment against it. This address was a vacant commercial building, with signage indicating it was available to lease. Simply because no one was available at that address to accept personal service at the times subservice was attempted does not mean that first-class mail sent to Raissi at that address would be returned undeliverable. Murray & Murray admittedly never attempted to mail any documents to any of the addresses it uncovered for Raissi, so it cannot credibly claim that any such mail would have been undeliverable.

Murray & Murray relies on *Slusher v. Durrer* (1997) 69 Cal.App.3d 747 (*Slusher*) to support its claim that section 587 requires nothing more than " 'reasonable diligence' " in attempting to locate the adverse party. (*Slusher*, *supra*, at p. 756.) The trial court found its efforts to personally serve Raissi prior to seeking permission to serve by publication established its reasonable diligence. We think *Slusher* is distinguishable.

In *Slusher*, *supra*, 69 Cal.App.3d 747, the plaintiff obtained a default judgment against the defendant on her civil complaint alleging assault and battery. The defendant had been personally served with the civil complaint when he appeared to defend against the misdemeanor assault and battery charges. (*Id.* at p. 750.) Plaintiff's section 587 declaration of mailing the request for entry of default, however, indicated that defendant's address was "unknown" to plaintiff and her attorney. (*Slusher*, *supra*, at p. 750.) The defendant successfully moved to set aside the default, and the declaration he submitted in connection with that motion presented ample evidence to establish that his mailing address was readily obtained. In opposition, "the declarations filed by plaintiff and her counsel do not reveal any effort by the plaintiff to ascertain defendant's mailing address, although several of defendant's relatives and acquaintances frequented plaintiff's place of business. The effort expended by her counsel disclosed at best a minimal search or inquiry of known available sources." (*Id*. at p. 756.) It was in this context that the court held that the mailing requirement of section 587 is analogous to "[t]he necessary predicates to secure the right to effect service by publication." (*Slusher*, *supra*, at p. 756.) "[S]ection 415.50 requires a showing that 'reasonable diligence' was exercised in the attempt to locate the litigant upon whom personal service should be made. A comment to the . . . section 415.50 requirement of reasonable diligence indicates that a 'thorough, systematic investigation and inquiry' be conducted in good faith. No less an inquiry is required by section 587. Available sources such as city and county directories, utility companies, friends, acquaintances, or relatives or licensing offices (for example the

8

Department of Motor Vehicles license registration) must be checked for a mailing address. Such an inquiry would satisfy the minimum requirement." (*Ibid*.)

By contrast, Murray & Murray undertook reasonable efforts to locate addresses at which it could personally serve Raissi and when those attempts at personal service failed, it sought and obtained an order allowing it to serve Raissi by publication. Murray & Murray never attempted to mail anything to any of those addresses. Unlike *Candelaria*, we do not have evidence of futile attempts to mail documents to the party against whom default was being sought. Thus, we cannot conclude that if Murray & Murray had mailed a copy of its application to seek default to the same address where it had attempted to effect personal service, it was not likely that Raissi would have received it. As a result, Raissi was prejudiced by Murray & Murray's defective compliance with section 587.

Furthermore, it is noteworthy that Murray & Murray has not demonstrated or even argued how it would be prejudiced by reversal of the trial court's ruling, other than by virtue of having to prove the allegations of its complaint. Nothing more than a trial on the merits awaits it below. "It is the policy of the law to favor, wherever possible, a hearing on the merits, and appellate courts are much more disposed to affirm an order where the result is to compel a trial upon the merits than they are when the judgment by default is allowed to stand and it appears that a substantial defense could be made." (*Weitz v. Yankosky* (1966) 63 Cal.2d 849, 854.)

Because Murray & Murray failed to comply with section 587, Raissi's motion to set aside the default and default judgment should have been granted.

### C. *Matters raised in reply brief*

In its reply brief, Raissi sets forth a number of arguments which it failed to raise in its opening brief, including, among other things: (1) Murray & Murray failed to provide notice of its ex parte application for an extension of time to serve Raissi and permission to serve by publication as required by California Rules of Court, rules 3.1203 and 3.1204; (2) the trial court granted Murray & Murray an extension of time to serve Raissi which

9

exceeded the amount allowed by the California Rules of Court; (3) the trial court's order granting the ex parte application was not served on Raissi; and (4) the ex parte application for an extension of time to serve Raissi was itself untimely, as it was filed two days *after* the time in which to serve the summons and complaint had expired. We also can find no reference in the record showing that any of these arguments were ever made to the trial court.

Generally, the raising of a new ground for the first time in a reply brief is not proper appellate practice. (*Taylor v. Roseville Toyota, Inc.* (2006) 138 Cal.App.4th 994, 1001, fn. 2.) Accordingly, the arguments are waived both because they were raised for the first time on reply and Raissi made no attempt to show good cause why we should consider them.[2] (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 766; see also *Proctor v. Vishay Intertechnology, Inc.* (2013) 213 Cal.App.4th 1258, 1274 [argument in reply brief forfeited on appeal where plaintiffs failed not only to present the issue in their opening brief but to present it to trial court].)

## III.   DISPOSITION

The judgment is reversed. Upon remand, the trial court is directed to vacate its order denying the motion to set aside default and default judgment and enter a new order granting that motion. Raissi Real Estate Development, LLC shall recover its costs on appeal.

---

[2] As note previously, Raissi's section 587 argument was also raised for the first time at the hearing on its motion to set aside the default and default judgment (see discussion, *ante*, at Section II.A). We recognize that inspiration is sometimes belated, but absent good cause, even the most inspired eleventh-hour efforts will likely be exercises in futility. It is unfair to opposing counsel and, in most circumstances, should not be condoned.

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.

Murray & Murray v. Raissi Real Estate Development, LLC
H039036

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 1-11-CV213714 |
| Trial Judge: | Hon. Patricia M. Lucas |
| Counsel for Defendant/Appellant:<br>Raissi Real Estate Development LLC | C. Alex Naegele<br>Charles Alexander Naegele<br><br>Parker & Mazo<br>Eugene D. Mazo |
| Counsel for Plaintiff/Respondent:<br>Murray & Murray | Dorsey & Whitney<br>John Walshe Murray<br>Robert A. Franklin<br>Thomas T. Hwang |

Murray & Murray v. Raissi Real Estate Development, LLC
H039036