Filed 10/21/21  Marriage of Gomez and Mellen CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION SEVEN

| | |
|---|---|
| In re Marriage of STEVEN GOMEZ and SUSAN M. MELLEN. | B307879<br><br>(Los Angeles County<br>Super. Ct. No. 19STFL11398) |
| SUSAN M. MELLEN,<br><br>Respondent,<br><br>v.<br><br>STEVEN GOMEZ,<br><br>Appellant. | **ORDER MODIFYING OPINION [NO CHANGE IN APPELLATE JUDGMENT]** |

THE COURT:

The opinion filed on October 20, 2021 and not certified for publication, is modified as follows:

On page 9, after the last sentence in the Disposition section, add the sentence:  Gomez is to recover his costs on appeal.

This order does not change the appellate judgment.


_____

SEGAL, Acting P. J.        FEUER, J.        IBARRA, J.*

---

*      Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re Marriage of STEVEN GOMEZ and SUSAN M. MELLEN. | B307879 <br><br> (Los Angeles County Super. Ct. No. 19STFL11398) |
| SUSAN M. MELLEN, <br><br> Respondent, <br><br> v. <br><br> STEVEN GOMEZ, <br><br> Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Juhas, Judge.  Reversed with directions.

Steven Gomez, in pro. per., for Appellant.

Artiano & Associates, James Artiano and Lawrence S. Andrews for Respondent.

# INTRODUCTION

Susan Mellen claims she was never married to Steven Gomez because, when she purportedly married him on March 14, 1993, she was already married to someone else. In 2019 Mellen filed this action to annul her marriage to Gomez. Gomez did not timely respond, and the court entered his default.

Gomez moved to set aside the default under Code of Civil Procedure section 473, subdivision (b),[1] but the family law court denied the motion. The family law court subsequently entered a default judgment declaring the marriage a nullity. Gomez appeals, and we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 23, 2019 Mellen filed a petition seeking to annul her marriage to Gomez,[2] who has been incarcerated since 1997.[3] On October 7, 2019 Mellen served Gomez with the petition at a prison in Fresno County. When Gomez did not

---

[1] Statutory references are to the Code of Civil Procedure.

[2] Mellen claims that Gomez, who was "engaged in certain illegal activities," convinced her to marry him in 1993 "in a misguided attempt to create spousal immunity" and that it "was never a real marriage." She obtained a dissolution of her first marriage in 2019.

[3] Mellen was also incarcerated, from 1998 to 2014, but for a crime she did not commit. After her release from prison, she received a $12 million settlement from the City of Los Angeles for wrongful conviction.

respond, the family law court entered his default on January 13, 2020.

Nine weeks later, on March 20, 2020, Gomez, representing himself, filed (among other things) a motion to set aside his default on the ground it was entered through his "[i]nadvertence, surprise, mistake, or excusable neglect."[4]  Gomez stated that "he had 'no' access to [a] prison law library in [the] month[s] of [November] and [December] of 2019 to defend his rights" and that he had "[n]o writing material [and] no envelopes to mail."

On July 27, 2020 the family law court denied Gomez's motion.  The family law court ruled that the motion was "procedurally proper," but that Gomez did not meet his burden to show the "default was entered as a result of mistake, surprise, inadvertence or excusable neglect or fraud on [his] part."

On August 31, 2020 the family law court entered a default judgment against Gomez declaring the marriage a nullity. Gomez filed a timely notice of appeal.[5]

---

[4]    Mellen claims the "sizable settlement she received as a result of her . . . civil settlement piqued [Gomez's] interest in this matter and induced him to file" the motion as part of a "money grab" for her settlement funds. Mellen's income and expense declaration, dated January 12, 2020, lists her total assets as approximately $4.5 million.

[5]    Gomez's notice of appeal, filed September 3, 2020, stated he was appealing from the default judgment dated July 27, 2020. The latter date is actually the date of the order denying Gomez's motion to set aside the entry of default.  We liberally construe the notice of appeal to be from the August 31, 2020 judgment.  (See *Verceles v. Los Angeles Unified School Dist.* (2021) 63 Cal.App.5th 776, 783 ["'[N]otices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what

## DISCUSSION

### A.  *Gomez's Motion To Set Aside the Default Was Timely*

Section 473, subdivision (b), states that an application for relief under the provision "shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."  (See *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928 ["A party seeking relief under section 473(b) must file the motion within a reasonable time but not longer than six months after the judgment or dismissal has been entered."].)  Gomez filed his motion to set aside the default approximately two months, and thus well within six months, after the court entered the default.  Contrary to Mellen's assertion, Gomez's motion was timely.

Which the family law court appears to have found.  Although the court's order stated, "the motion is untimely," that had to have been a typographical error.  The court stated: "Procedurally the motion is untimely under [section] 473(b) as it was filed within six months of the date of entry of default.  Default was entered on 1/13/20 and the instant motion was filed on 3/20/20.  [Gomez] has complied with [section] 473(b) because a

<hr />

appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.'"]; *Winter v. Rice* (1986) 176 Cal.App.3d 679, 682 ["Where judgment was entered at the time of filing of a notice of appeal from" an order denying a motion to vacate a default, "the notice may be construed to refer to the judgment thereby permitting review of the order."]; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 [order "denying [a] motion to vacate the default is not independently appealable" but "may be reviewed on an appeal from the judgment"].)

proposed response was filed with the [Request for Order]. As a result, the motion is procedurally proper." The court obviously meant to write "timely," not "untimely."

Mellen argues Gomez's motion under section 473 was untimely because he "failed to file his [m]otion more than three months after receiving notice of the entry of default." But he filed his motion, at the latest,[6] on March 20, 2020. That's pretty diligent, even for represented litigants.

Mellen relies on *Stafford v. Mach* (1998) 64 Cal.App.4th 1174. In that case the defendant's insurer, despite repeated notices from both its insured and the parties injured by the insured's car, waited "six months to the day after the default was entered and four and one-half months after it became aware of the default judgment" before filing a motion to set aside the default under section 473, subdivision (b). (*Id.* at pp. 1177-1178, 1185.) The court in *Stafford* reversed an order granting the motion, concluding that the "record is devoid of any evidence justifying such a long delay" and that "the delay in filing appears to have been largely a tactical decision." (*Ibid.*) This case is nothing like *Stafford*. Gomez filed his motion for relief a mere two months (at the latest) after the entry of his default. And Mellen did not present any evidence or argument that Gomez delayed bringing his motion for tactical reasons or that his explanation for the short delay was not true.

---

[6] Gomez argues he timely filed his motion to set aside on January 8, 2020, but refiled it on March 20, 2020 because the court either did not receive it or rejected it. Mellen argues Gomez did not serve her with the motion until April 24, 2020.

B.    *The Family Law Court Abused Its Discretion in Denying Gomez's Motion To Set Aside the Default*

Under the discretionary provision of section 473, subdivision (b), which applies where (as here) there is no attorney affidavit of fault, a "court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." "[T]he standard of review from the court's grant or denial of a motion for relief from default is well-settled. "'A motion seeking [relief from default] lies within the sound discretion of the trial court, and the trial court's decision will not be overturned absent an abuse of discretion.'"" (*Behm v. Clear View Technologies* (2015) 241 Cal.App.4th 1, 14.) Nevertheless, "[b]ecause the law favors disposing of cases on their merits, 'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations]. Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.'" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980; see *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413; *Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal.App.4th 379, 385.)

Gomez explained in his declaration why he had been unable to respond to the petition before the court entered his default in January 2020. Gomez stated that he learned about the petition in October 2019 (which is when Mellen served him), but that he "was prevented to defend his right" by an "external factor beyond his control." He explained that, due to several 10-day prison lockdowns, he did not have access in November and December 2019 to a prison law library or to writing material and

6

envelopes.  Gomez also said he was "illiterate to procedures and law required to defend his cause, and has only a 5th grade education."[7]

Gomez's explanation for his (relatively brief) delay in responding to Mellen's petition entitled him to relief under section 473, subdivision (b).  An inmate's "failure to contest the judgment because he was denied the means to do so is, of course, excusable neglect as a matter of law." (*Payne v. Superior Court* (1976) 17 Cal.3d 908, 926, fn. 9; see *J.W. v. Watchtower Bible & Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1172 [""'Excusable neglect" is generally defined as an error ""'a reasonably prudent person under the same or similar circumstances might have made"""'].)  Gomez said he did not have access to writing materials or envelopes, both of which he needed to respond to Mellen's petition.  That was enough.

The family law court ruled this explanation was insufficient because the court found Gomez's "claim that he had no access to the law library for two months, or that he had no supplies," did not "articulate what steps he took or may have taken to obtain what he needed in order to respond.  Although he

---

[7]     Mellen argues Gomez "did not present any evidence of these facts in his supporting declaration, which was instead focused on his erroneous belief he was improperly served . . . ."  But he did.  Gomez used a form motion that included various boxes Gomez checked and text he added to the form.  The statements about his inability to obtain writing material and access the prison library because of frequent lockdowns appear after a checked box stating "[c]ontinued on the attached declaration" and below the handwritten words "continued declaration."  The verification under penalty of perjury to "the foregoing" is on the last page of the form motion.

argues that he is unfamiliar with legal procedures and defenses, he has chosen to proceed as a self-represented litigant and this is not a basis upon which to set aside a default."

A series of prison lockdowns in November and December, however, is a pretty good articulation of why an inmate could not obtain what he needed to obtain, and do what he needed to do, to respond to a petition served in October. It is also unclear what other steps Gomez could have taken without access to paper, writing implements, envelopes, and a library. (See *In re Allison* (1967) 66 Cal.2d 282, 289 ["'prisoners have the right to prompt and timely access to the mails for the purpose of transmitting to the courts statements of facts which attempt to show any ground for relief'"]; Cal. Code Regs., tit. 15, § 3138, subd. (a) ["Upon the request of an indigent inmate . . . writing paper, envelopes, a writing implement, and the postage required for five 1-ounce First-Class letters per week shall be supplied."]; see also *Brinson v. McKeeman* (W.D.Tex. 1997) 992 F.Supp. 897, 909 ["the state must furnish indigent inmates with pen and paper to draft legal documents [and] stamps to mail them"].) And Gomez did not argue he was entitled to relief because he was self-represented; he argued he was entitled to relief because he could not obtain writing material and envelopes in time to respond to the petition in a timely manner.

## DISPOSITION

The order denying Gomez's motion under section 473, subdivision (b), and the default judgment are reversed. The family law court is directed to enter a new order granting the motion and setting aside the entry of default.


SEGAL, Acting, P. J.


We concur:


FEUER, J.


IBARRA, J. *

---

\*      Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.