Filed 8/30/24  Lockhart v. USC Verdugo Hills Hospital CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| CHARLENE LOCKHART, | B322097 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 20STCV42088 |
| USC VERDUGO HILLS HOSPITAL et al., | |
| Defendants and Respondents. | |

APPEAL from judgment of the Superior Court of Los Angeles County.  Audra M. Mori, Judge.  Affirmed.

Charlene Lockhart, in pro. per., for Plaintiff and Appellant.

Fraser Watson & Croutch, Louise M. Douville and Matthew A. Yarvis for Defendants and Respondents.

_____

Plaintiff Charlene Lockhart is the mother of Adam Bailey, who died in 2020 after receiving treatment at USC Verdugo Hills Hospital (VHH). Later that same year, plaintiff sued University of Southern California and Dr. David Tashman, who treated Mr. Bailey at VHH. Defendants contend that VHH, not University of Southern California, is a proper defendant in this action. VHH and Dr. Tashman participated in the proceedings below and have responded on appeal. We refer to VHH and the named defendants, collectively, as "defendants."

The trial court granted defendants' motion for summary judgment, apparently because defendants offered expert testimony that they met the standard of care in treating Mr. Bailey and plaintiff offered no expert testimony to the contrary. Plaintiff appealed and we now affirm.

## BACKGROUND

Plaintiff does not provide a factual background supported by proper record citations. We therefore limit our recitation of the background facts to those seemingly agreed by the parties in their briefs and otherwise ascertained from the limited record furnished on appeal.

Mr. Bailey presented to VHH on April 4, 2020, with acute testicular pain. He suffered from a number of other preexisting conditions. As part of his care, Dr. Tashman ordered a 4-milligram dose of morphine. Mr. Bailey later showed signs of severe respiratory distress. He was admitted to the ICU where further intervention was unsuccessful. He died there on April 7, 2020.

Plaintiff sued defendants in November 2020, asserting a single cause of action for wrongful death resulting from

defendants' alleged professional negligence.  At the time, plaintiff was represented by counsel.

Several months later, defendants moved for summary judgment.  Their separate statement of undisputed facts and their motion both refer to testimony from Raymond Ricci, M.D., that defendants' care complied with the applicable standard of care and that no act or omission on the part of defendants caused or contributed to Mr. Bailey's death.  Dr. Ricci's declaration is included in the record as an attachment to defendants' motion.

At the initial hearing on the matter, in November 2021, the trial court noted plaintiff had recently agreed to relieve her counsel from representing her.  It continued the hearing to permit plaintiff to obtain new counsel.  Plaintiff did not obtain new counsel and elected to proceed in propria persona.

About five months later, in April 2022, the trial court entered an order granting defendants' summary judgment motion.  That order, prepared by defense counsel, refers to a minute order issued in February 2022 as stating the reasons for granting the motion.  The court's February 2022 minute order is not in the record.  Nor is any transcript of the summary judgment proceeding.

Plaintiff filed a timely notice of appeal.  On appeal, plaintiff continues to act in propria persona.

## DISCUSSION

### 1. Summary Judgment Standard of Review

" 'A trial court should grant summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [Citation.]  A defendant may establish its right to summary judgment by showing that one or more

3

elements of the cause of action cannot be established or that there is a complete defense to the cause of action. [Citation.] Once the moving defendant has satisfied its burden, the burden shifts to the plaintiff to show that a triable issue of material fact exists as to each cause of action. [Citation.] A triable issue of material fact exists where "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." ' " (*Abdulkadhim v. Wu* (2020) 53 Cal.App.5th 298, 301 (*Abdulkadhim*).)

" ' "We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections were made and sustained." ' " (*Abdulkadhim*, *supra*, 53 Cal.App.5th at p. 301.)

" 'On review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court.' " (*Abdulkadhim*, *supra*, 53 Cal.App.5th at p. 301.) " ' "As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed." ' " (*Ibid.*) This responsibility can only be met on the basis of an adequate record. Thus, an appellant's failure to provide an adequate record is a sufficient basis for affirmance. (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)

These rules apply with equal force to represented and pro se litigants. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *id.* at p. 985 ["A doctrine generally requiring or permitting exceptional treatment of parties who represent

4

themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation."].)

## 2. Plaintiff Fails to Demonstrate Error in the Trial Court's Grant of Summary Judgment.

Plaintiff's opening brief contains no discussion of the trial court's ruling nor any basis on which to conclude she met her burden of showing error. This omission is sufficient to warrant affirmance. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125 ["an appellant's failure to discuss an issue in its opening brief forfeits the issue on appeal"].)

In her reply, plaintiff contends the trial court erred by admitting defendants' expert testimony, claims it was "next to impossible" for her to obtain an expert of her own, and invites this court to eliminate the requirement that medical malpractice be established by expert testimony except in cases involving "highly complex and technical issues." As plaintiff offers no reason for holding these arguments until her reply, we deem them waived. (See *Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal.App.4th 379, 388-389 [deeming waived arguments "raised for the first time on reply and [which appellant] made no attempt to show good cause why [they] should [be] consider[ed]"].)

Even if we were to consider her new reply arguments, plaintiff would still fail to show error. Plaintiff contends Dr. Ricci did not qualify as an expert under Health and Safety Code section 1799.110, subdivision (c),[1] because "[t]he position that

---

[1] Health and Safety Code section 1799.110, subdivision (c) provides, in its entirety: "In any action for damages involving a claim of negligence against a physician and surgeon providing

5

[he] holds at his hospital, is one at a high administrative level." Plaintiff offers no record citation for this assertion. Dr. Ricci's declaration is that he has "continuously served as a Staff Physician within the Department of Emergency Medicine at Hoag Memorial Hospital Presbyterian" since 1988. He adds that, "[f]rom 2012 to the present, I have served as the Chief of Service-Emergency Department at Hoag Hospital. I have also served as the Vice Chairman, Department of Emergency Medicine at Hoag Hospital since 2007." Plaintiff offers no argument or authority that a practicing staff physician who also serves in administrative roles cannot qualify as an expert for purposes of section 1799.110, subdivision (c). The statute makes no such exception and we see no reason to create one.

Plaintiff likewise offers no authority that any difficulty she encountered in obtaining an expert of her own could excuse her from the requirement that she introduce expert testimony to defeat defendants' summary judgment motion once defendants came forward with Dr. Ricci's testimony. (See, e.g., *Fernandez v. Alexander* (2019) 31 Cal.App.5th 770, 779, quoting *Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 761-762 [' "When the

_____

emergency medical coverage for a general acute care hospital emergency department, the court shall admit expert medical testimony only from physicians and surgeons who have had substantial professional experience within the last five years while assigned to provide emergency medical coverage in a general acute care hospital emergency department. For purposes of this section, 'substantial professional experience' shall be determined by the custom and practice of the manner in which emergency medical coverage is provided in general acute care hospital emergency departments in the same or similar localities where the alleged negligence occured [*sic*]."

moving party produces a competent expert declaration showing there is no triable issue of fact on an essential element of the opposing party's claims, the opposing party's burden is to produce a competent expert declaration to the contrary' "].)  In any event, plaintiff admits hiring expert witnesses. She simply decided against using them.

Finally, we would decline plaintiff's invitation to cast aside the longstanding rule in California that medical negligence cases ordinarily require proof of causation by expert testimony.  (See, e.g., *Bromme v. Pavitt* (1992) 5 Cal.App.4th 1487, 1492-1493 ["a plaintiff who alleges a statutory cause of action for wrongful death arising from medical negligence must prove by reasonable medical probability based on competent expert testimony that a defendant's acts or omissions were a substantial factor in bringing about the decedent's death"]; *Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 970 [requiring proof of causation within a reasonable medical probability based upon competent expert testimony]; *Espinosa v. Little Co. of Mary Hospital* (1995) 31 Cal.App.4th 1304, 1316 [same]; see also *Scott v. Rayhrer* (2010) 185 Cal.App.4th 1535, 1542 [recognizing limited exception "when a foreign object, such as a sponge or surgical instrument, is left in a patient following surgery"].)

### DISPOSITION

The judgment is affirmed.  Defendants are to recover their costs on appeal.

GRIMES, Acting P. J.

WE CONCUR:

WILEY, J.          VIRAMONTES, J.

7