Filed 9/4/25  Williams v. Cal. Unemployment Appeals Bd. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| LIONEL C. WILLIAMS, | B340460 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCP04162) |
| v. | |
| CALIFORNIA UNEMPLOYMENT APPEALS BOARD, | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge. Affirmed.

Lionel Williams, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Jennifer M. Kim, Gregory D. Brown, and Michael E. Byerts, Deputy Attorneys General, for Respondent.

Appellant Lionel Williams filed a petition for writ of mandate against respondent California Unemployment Insurance Appeals Board (CUIAB). Appellant did not attend the hearing on the writ and the court denied the petition. Appellant subsequently filed a motion to set aside default judgment under Code of Civil Procedure section 473, subdivision (b) (section 473(b)),[1] asserting that he had experienced a medical emergency that prevented him from attending the hearing.

The trial court found that appellant had not demonstrated good cause under section 473(b) but nevertheless allowed him to argue the merits of his writ petition. After finding that none of appellant's substantive arguments would have resulted in granting the writ, the court denied appellant's motion for relief from default judgment.

On appeal, appellant challenges the denial of his motion for relief from default. We find no error and affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. *Writ Petition*

We provide the following summary based on the limited information in the record. Appellant, in propria persona, filed a petition for writ of mandate in November 2022. He sought to set aside the CUIAB decision affirming a decision of the Employment Development Department that he received an overpayment of unemployment insurance benefits. Both parties filed briefs and the court scheduled a hearing on the petition for April 17, 2024. The record on appeal does not contain the writ petition or any of the briefs.

Appellant did not appear for the April 17, 2024 hearing. According to the minute order from the hearing, the court called the case twice, admitted the administrative record into evidence, and adopted its tentative ruling denying the writ. The minute order also stated that the court had read and considered all moving, opposing, and reply papers. The appellate record does not contain the court's written ruling denying the writ petition and no court reporter was present at the hearing.

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

## II.    *Motion to Set Aside Default Judgment*

Appellant filed a motion to "set aside default and default judgment" under section 473(b).  In the motion, appellant stated that he had been unable to attend the April 17 hearing because he was "experiencing diabetic convulsions" that morning and received treatment from a doctor.  He therefore requested a new hearing on his writ petition, citing "excusable neglect."  Appellant attached what he claimed was a doctor's note.  The document, containing the heading "Health Service Alliance," stated "Please excuse Lionel Williams from court on April 17, 2024 due to medical reasons."  The document also contained an unidentified signature and was dated April 23, 2024.  Appellant did not submit a declaration or other evidence with his motion.

The court held a hearing on August 2, 2024, which both parties attended.  The court heard argument from the parties and then took the matter under submission.  There was no court reporter present at the hearing.

The court issued a written order denying appellant's motion.  First, the court noted that appellant had not "submitted a sworn declaration or other admissible evidence" supporting his representation that he had a medical emergency that prevented him from attending the hearing.  The court explained that the note attached to appellant's motion "is not properly authenticated; the identity and profession of the signatory is unclear; and the note provides no detail why [appellant] could not have attended the hearing."  Second, the court found that, even accepting appellant's representation regarding his absence, there was no basis upon which to grant relief.  The court had "decided the petition on the merits after considering [appellant's] briefs and the administrative record."  The court explained that it had denied the petition based on a finding that appellant was not entitled to unemployment insurance because under the relevant statute, appellant's "earnings constitute 'wages'."

The court also found that appellant failed to establish prejudice, as appellant was permitted to argue the merits of his petition at the August 2 hearing.  As such, "none of [appellant's] arguments results in a different

decision on the petition," because they did not change the court's determination that appellant's earnings qualified as "wages." The court concluded that "judgment was not entered against [appellant] as a result of his failure to appear at the hearing" and the requested relief would be futile. Appellant timely appealed from the judgment.

## DISCUSSION

Appellant argues that the court should have excused his absence from the hearing due to his medical emergency and permitted him to reargue the merits of his writ petition. We find no error.

Pursuant to section 473(b), a court "may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473(b).) "[T]he party moving to set aside the default has the burden of showing good cause for relief." (*Shapell Socal Rental Properties, LLC. v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 212.) We review an order denying relief under section 473(b) for an abuse of discretion. (*Ibid.*; *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.)

Appellant has not demonstrated that the trial court abused its discretion in denying his motion. We agree with the trial court's finding that appellant failed to submit sufficient evidence to establish good cause for relief. "'In order to qualify for [discretionary] relief under section 473, the moving party must act diligently in seeking relief and must submit affidavits or testimony demonstrating a reasonable cause for the default.'" (*Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal.App.4th 379, 385, quoting *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1420.) Appellant did not submit a declaration supporting his claim that he suffered a diabetic emergency on April 17, 2024 that prevented him from attending the hearing or contacting the clerk and requesting a continuance. Moreover, the unauthenticated document he submitted did not establish those facts. Although appellant claimed it was a doctor's note, the signatory was not identified, and the document did not state that appellant was unable to attend the hearing. As such, appellant did not meet his burden to submit evidence demonstrating reasonable cause for relief under section 473(b).

4

In addition, the trial court found that appellant was not entitled to relief under section 473(b) because the judgment entered against him was not based on his absence from the writ hearing. This was not error. The limited record before us establishes that the court denied appellant's writ petition after considering the parties' papers and the administrative record and reached its decision based on the merits of the petition, not appellant's absence. Further, the court allowed appellant to make his argument on the writ petition at the August 2 hearing.[2] Following this argument, the court reiterated its prior findings and denied the writ on the merits, concluding that appellant's income was considered wages for the purpose of determining eligibility for unemployment benefits. Appellant is therefore unable to establish any prejudice from the court's denial of his motion for relief, as the court fully considered the underlying petition and appellant was not denied his "day in court." (See *In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1070 [noting "strong public policy in favor of allowing litigants their day in court"].)

We do not reach the substance of the court's order denying the writ petition, as appellant has not challenged that ruling on appeal and has not provided a sufficient record to do so. At oral argument, appellant raised arguments regarding the merits of his writ petition. But appellant appealed only from the denial of his motion to set aside the default, not from the denial of his writ. Appellant's notice of appeal indicated he was appealing from the court's August 2024 order of "default." Moreover, he did not raise any substantive arguments challenging the underlying denial of the writ in his opening brief on appeal. We therefore find that these arguments are not properly within the scope of appellant's appeal. (See, e.g., *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170 ["'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.'"]; *Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7 ["Issues not raised in the appellant's opening brief are deemed waived or abandoned."].)

---

[2]     Thus, appellant's contention that the court did not consider his diabetic emergency is contrary to the record. The court expressly found that, even assuming appellant could establish good cause, he was not entitled to relief.

Even if appellant had appealed from the underlying denial of his writ, he did not provide the necessary record for review, including the writ petition, the parties' substantive briefs or the court's written ruling denying the writ. It is appellant's burden to provide an adequate record on appeal. (See *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 ["'It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant.'"]; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) Because he failed to do so, we would be unable to review his substantive claims of error even if he had properly raised them.

## DISPOSITION

The order denying the motion to set aside the default judgment is affirmed. Respondent is entitled to its costs of appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



COLLINS, J.


We concur:



ZUKIN, P. J.



MORI, J.